ROLAND L. BELSOME, Judge.
 

 _JjPlaintiffs-AppeIlants Kathy Richmond and Abdulrahman Zeitoun appeal the trial court’s granting of Defendants-Appellees’ exceptions of no cause of action and denying Appellants’ motion to compel discovery. For the reasons that follow, we reverse and remand.
 

 FACTS AND PROCEDURAL HISTORY
 

 Appellants filed their Original Petition on August 28, 2006, alleging false imprisonment and false arrest of Mr. Zeitoun during the aftermath of Hurricane Katrina, naming the City of New Orleans, C. Ray Nagin, individually and as Mayor, through the New Orleans Police Department as Defendants.
 

 Appellants allege that on September 6, 2005, Officer Donald Lima of the New Orleans Police Department entered Mr. Zeitoun’s property, arrested and handcuffed him, and placed him in a van without probable cause or reading any Miranda rights. Appellants assert that Mr. Zeitoun was transported in the van to the Union Passenger train station in New Orleans, fingerprinted, photographed, and retained in police custody, where he remained for three days and suffered a large |2splinter for which he was denied medical treatment. On the third day, Appellants allege
 
 *1027
 
 that Mr. Zeitoun was transported to the Elayn Hunt Correctional Center in St. Gabriel, Louisiana, where he informed the employees of his religious beliefs which disallowed the consumption of pork, but that this request was disregarded, as well as requests for medical treatment. Next, Appellants assert that Mr. Zeitoun was brought to a maximum security prison, where his requests to telephone his wife and have medical treatment were denied, and that although he was eventually permitted to use the telephone, he missed his turn because he fell asleep while waiting.
 

 A review of the record evidences that Mr. Zeitoun was charged with looting and possession of stolen goods,
 
 [1]
 
 with bail set at $75,000.00. A document signed by the minute clerk dated September 14, 2005, reveals that on that date, Mr. Zeitoun appeared without counsel before the trial judge; that the court appointed OIDP to stand in as Mr. Zeitoun’s defense counsel on that date; and that the court set the bond at $50,000.00 for the looting charge and $25,000.00 for the possession of stolen property charge.
 

 Mr. Zeitoun asserts that there was no method to post bond at that time. Mr. Zeitoun’s wife ultimately secured his release on September 29, 2005,
 
 [2]
 
 for a total of 23.5 days of detention. Mr. Zeitoun claims that in addition to being unlawfully | ^detained, he also suffered from weight loss and a torn muscle, and that several items were not returned to him upon his release.
 
 [3]
 

 The City of New Orleans and Mayor C. Ray Nagin filed a Peremptory Exception of No Cause of Action on September 29, 2006. On October 81, 2006, the State of Louisiana through the Department of Public Safety and Corrections (“the State”) filed a Motion for Protective Order and Exceptions of Improper Cumulation and No Cause of Action. On March 1, 2007, Appellants filed a First Amended Petition for Damages.
 

 The trial court heard oral arguments on the exceptions on March 23, 2007. In a judgment signed April 3, 2007, the court dismissed Appellants’ Original and First Amended petitions with prejudice. After the dismissal with prejudice, Appellants filed a Second Amended Complaint adding Burl Cain and Officer Donald Lima as defendants at 4:36 p.m. on April 3, 2007, stamped with a receipt date of April 4, 2007.
 
 [4]
 
 The record does not demonstrate that the Second Amended Petition was ever considered by the trial court.
 

 STANDARD OF REVIEW
 

 An appellate court subjects the grant of an exception of no cause of action to
 
 de novo
 
 review because the exception raises an issue of law and the trial court’s decision is based solely on the sufficiency of the petition.
 
 Fink v. Bryant,
 
 2001-0987, p. 3 (La.11/28/01), 801 So.2d 346, 348-49.
 

 UDISCUSSION
 

 Appellants set forth three assignments of error: first, that the district court erred
 
 *1028
 
 when it granted the exception of no cause of action to the State; second, that the district court erred when it granted the exception of no cause of action to the City of New Orleans and Mayor C. Ray Nagin; and third, that the district court erred in denying Appellants’ motion to compel further discovery.
 

 On August 28, 2005, the City of New Orleans issued a mandatory evacuation order, and on September 6, 2005, Mayor Nagin issued a forced evacuation proclamation pursuant to La. R.S. 29:727. Ap-pellees (“the City” and “Mayor Nagin”) submit that the September 6, 2005 evacuation order did not impact Mr. Zeitoun because Appellants allege, in the Original and First Amended Petitions, that he was arrested by Louisiana State Police and National Guard troops and prosecuted by the Office of the District Attorney. Accordingly, the City and Mayor Nagin maintain that there are no allegations that any officer, agent or employee of the City acted to deprive Mr. Zeitoun of any rights or harm him in any way. The City and Mayor Nagin note that Officer Donald Lima is not a party in Appellants’ Original or First Amended Petition.
 

 Moreover, because Mr. Zeitoun was charged with looting and possession of stolen property, and not with violating the mandatory evacuation order, the City and Mayor Nagin argue that by his own admission, Mr. Zeitoun was not charged with violating La. R.S. 29:727.
 
 [5]
 

 | aThe State maintains that Appellants’ brief contests only the dismissal of the claims under 42 U.S.C. § 1981, but that no cause of action exists under § 1981.
 
 [6]
 
 The State argues that to establish a cause of action under § 1981, a contractual relationship that was impaired by the intentional discrimination on the basis of race must be established, citing
 
 Domino’s Pizza, Inc. v. McDonald,
 
 546 U.S. 470, 126 S.Ct. 1246, 163 L.Ed.2d 1069 (2006). The State maintains that Appellants have shown no such relationship, but have only alleged that Mr. Zeitoun was the victim of discrimination.
 

 Appellants assert that they are entitled leave to amend their petition and remove the grounds of the objections made by Appellees that ai’e the bases of the exceptions pursuant to La.Code Civ. Proc. art. 934. Specifically, Appellants maintain that in the Second Amended Petition, New Orleans Police Officer Donald Lima was added as a defendant. Appellants further allege that Burl Cain was the warden of the facility to which Mr. Zeitoun was assigned, and submit that pursuant to La.Code Civ. Proc. art. 934, the addition of Burl Cain as a defendant in the Second Amended Petition creates a cause of action against the State.
 
 [7]
 

 
 *1029
 
 La. Code Civ. Proc. art. 934 provides as follows:
 

 When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection raised | fithrough the exception cannot be so removed, or if the plaintiff fails to comply with the order to amend, the action, claim, demand, issue, or theory shall be dismissed.
 

 We find that the trial court erred when it dismissed Appellants’ claims with prejudice. Rather, the trial court should have granted Appellants the opportunity to amend the petition. Because the trial court’s judgment is inconsistent with the mandates of La.Code Civ. Proc. art. 934, it must be reversed. We cannot say that as a matter of law, Appellants are unable to amend their petition to state a cause of action.
 

 CONCLUSION
 

 The trial court’s judgment granting the exceptions of no cause of action and dismissing Appellants’ claims with prejudice is hereby reversed. The matter is remanded to the trial court for proceedings consistent with La.Code Civ. Proc. art. 934 and this opinion.
 

 REVERSED AND REMANDED.
 

 [1]
 

 . The police report contained in the record reflects that Mr. Zeitoun was charged pursuant to La. R.S. 14:62.5 (looting) and La. R.S. 14:69 (illegal possession of stolen things).
 

 [2]
 

 . The record evidences a signed order of release dated September 28, 2005; however, the confirmation sheet for Mr. Zeitoun’s release is dated September 29, 2005, and reflects an available pick-up time of 8:00 a.m.
 

 [3]
 

 . Mr. Zeitoun alleges that although his green card, social security card and driver's license were returned to him, his wallet. Visa, Mast-ercard, Lowe's and Hope Depot cards were not returned to him upon release.
 

 [4]
 

 . The order allowing leave to file the Second Amended Petition was signed by the trial judge on April 4, 2007.
 

 [5]
 

 . The City and Mayor Nagin submit that also by his own admission, Mr. Zeitoun admits on the face of his petition that he was in direct and criminal violation of the mandatory evacuation order, for which he could have been arrested. See La. R.S. 29:727(G). Therefore, Appellees argue, even if Mr. Zeitoun had been arrested for violating the evacuation order, Mr. Zeitoun failed to allege a cause of action for false arrest, at least as far as probable cause.
 

 [6]
 

 . Appellants’ original petition sued the State under 42 U.S.C. §§ 1981, 1982, 1983, 1985, 1986, and state law. The State submits that in Appellants' First Amended Petition, the claims against the State pursuant to 42 U.S.C. §§ 1983, 1985, and 1986 were dismissed, but the claims under state law and §§ 1981 and 1982 were retained. The State maintains that Appellants do not address any claims under 42 U.S.C. § 1982 in their appellate brief.
 

 [7]
 

 .Considering that tire Second Amended Petition was filed after the judgment dismissing all of Appellants’ claims, it cannot be properly considered.