JAMES F. McKAY III, Judge.
hThe appellants, Abdulrahman Zeitoun and Kathy Richmond Zeitoun (“Zeitouns”), appeal the judgment of the district court, granting the defendants’, State of Louisiana through the Department of Corrections and Cornel Hubert, the City of New Orleans and Former Mayor C. Ray Nagin, peremptory exceptions of no cause of action and dismissing the matters with prejudice. Based upon the record before this Court, we affirm the judgment of the district court.
*69 FACTS AND PROCEDURAL HISTORY
On September 6, 2005, Mr. Zeitoun was arrested on charges of suspicion of looting, La. R.S. 14:62.5, and possession of stolen property, La. R.S. 14:69 on or near the 5000 block of Claiborne Avenue.[1] Mr. Zei-toun alleges that after he was arrested he was taken to a holding area located on St. Charles Avenue and Napoleon Avenue. He was then moved to the Union Passenger Train Station which was known as Camp Greyhound. After three days in “Camp Greyhound” he was transported to Elayn Hunt Correction Center (“Hunt”), which is locate in St. |2Gabriel, in Iberville Parish.[2] Mr. Zeitoun was detained at Hunt until September 29, 2005. After posting a $75,000 bond, he was released.
The appellants’ original petition for damages was filed on August 28, 2006. It named the City of New Orleans (“City”), C. Ray Nagin, the State of Louisiana, and the Louisiana Department of Corrections as defendants.[3] The Zeitouns’ assertions against the defendants are based on accusations of false arrest, imprisonment and the mistreatment of Mr. Zeitoun in the aftermath of Hurricane Katrina and conditions of confinement while incarcerated at Hunt.
Initially, the appellants filed suit against the State through the Department of Corrections but the matter has been corrected to name the Louisiana Department of Public Safety and Corrections (“DPSC”) as the actual party in interest in this lawsuit[4]. On October 31, 2006, the DPSC filed a dilatory exception of improper cumulation of actions pursuant to La. C.C.P. Arts. 463[5] and 464[6] and the [speremptory exception of no cause of action pursuant to La.C.C.P. Art. 927(5)[7]. On March 23, *70 2007, oral argument on the exceptions was held. The district court considered the original petition and the first amended petition and granted the DPSC’s exception of no cause of action and dismissed, with prejudice, all claims against the DPSC; the judgment was signed on April 3, 2007. In this judgment the district court did not give the appellants leave to amend. Nevertheless, the appellant filed a second amended petition joining NOPD Officer Donald Lima and Warder Burl Cain. The appellant also incorporated references to all previously dismissed claims. On April 30, 2007, the appellants, by way of a devol-utive appeal, appealed the district court’s judgment. On April 7, 2009, this Court reversed and remanded the matter[8] to give the appellants the opportunity to amend their lawsuit pursuant to La. C.C.P. Art. 934[9]. On March 1, 2010, the DPSC moved for an order mandating the appellants to comply with this Court’s order to amend their petition. Ultimately, the appellant filed their third amended petition to include claims against Cornel Hubert, Warden of Hunt.
On June 1, 2010, the DPCS filed a second exception of no cause of action in response to the appellants’ second and third amended petitions. Appellants then filed a motion for leave to file a fourth amended petition. The appellants followed Lthis filing with a motion for leave to file a fifth amended petition. The district court granted both motions but also ordered that no further supplementations of amendment to the petition be allowed.[10]
On September 17, 2010 Warden Hubert filed his exception of improper cumulation of parties. One month later the City and the State moved jointly to reset the hearings on their exceptions of no cause of action based on the assertion that the appellants’ fourth and fifth amended petitions failed to cure any grounds for the pending exceptions. On December 17, 2010, the district court granted the DPSC’s peremptory exception of no cause of action as well as Warden Hubert’s dilatory exception of improper cumulation. The district court also granted the City’s peremptory exception of no cause of action. It is from these judgments that the appellants appeal.
DISCUSSION:
DPSC AND WARDEN CORNEL HUBERT

Supplemental Amendments

The DPSC asserts that the appellants were given the opportunity to amend their original petition for damages, pursuant to La.C.C.P. Art. 934, and cure defects raised in the DPSC’s first exception of no cause of action. However, after filing their second, third, fourth and fifth amended petitions the appellants failed to provide additional factual allegations against the City and the DPSC to establish any cause of action upon which relief could be granted.
1 sSimply filing a pleading entitled “amended petition” is insufficient to state a cause of action in compliance with La. C.C.P. Art. 934 which states:
*71 When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection raised through the exception cannot be so removed, or if the plaintiff fails to comply with the order to amend, the action, claim, demand, issue, or theory shall be dismissed.
La. C.C.P. Art. 934.

Appellants’ Second Amended Petition:

The second amended petition does not change any of the facts alleged in the original petition but simply joins Warden Burl Cain, the warden of the Louisiana State Penitentiary in Angola and alleged that he was the “Warden” of the temporary jail known as “Camp Greyhound” located at the Union Train Station terminal in New Orleans in the direct aftermath of Hurricane Katrina. They also erroneously assert the Warden Cain was the warden of Hunt. The appellants asserted that the DPSC was vicariously liable for the actions of its employee, Warden Cain.

Appellants’ Third Amended Petition:

The third amended petition does not change the facts alleged in the original petition but simply joins Warden Hubert as the Warden of Hunt. This appeal concerns the ultimate dismissal of Warden Hubert on an exception of improper cumu-lation. The appellants also continue to reference the Department of Corrections and the Louisiana State Police not the DPSC.

Appellants’ Fourth and Fifth Amended Petition:

RThe fourth and fifth amended petitions do not contain any factual allegations pertaining to the DPSC. Appellants once again failed to cure the defect by not specifically naming the DPSC.
In sum the appellants, despite their numerous amended petitions, failed to asserts any facts pertaining to the DPSC. As it did in its original exception, the failure by the appellants to cure this defect was continuously raised by the DPSC. Accordingly, we find that the district court properly granted the DPSC’s exception of no cause of action based on La.C.C.P. Art. 934,

Í2 U.S.C. § 1981

The appellants maintain that they have a viable cause of action against the DPSC under 42 U.S.C. § 1981.[11] We disagree. The DPSC cannot be sued under 42 U.S.C § 1981 as the exclusive remedy for deprivation of constitutional rights, as it relates to appellants’ asserted facts, is under 42 U.S.C. § 1983.[12] Additionally, an essential *72 element of all § 1981 claims is a contractual relationship between the State and the Zeitouns. The Zeitouns have not asserted or pled the existence of a contractual relationship.
17Exceptions of no cause of action present legal questions, and are reviewed under the de novo standard of review. Tuban Petroleum, L.L.C. v. SIARC, Inc., 09-0302, p. 3 (La.App. 4 Cir. 4/15/09), 11 So.3d 519, 522. The pertinent question is whether, when viewed in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the petition states any valid cause of action for relief. Wright v. Louisiana Power & Light, 06-1181, p. 15 (La.3/9/07), 951 So.2d 1058, 1069. This exception is designed to test the legal sufficiency of a petition by determining whether a party is afforded a remedy in law based on the facts alleged in the pleading. Foti v. Holliday, 09-0093, p. 5 (La.10/30/09), 27 So.3d 813, 817. All well-pleaded allegations of fact are accepted as true and correct, and all doubts are resolved in favor of sufficiency of the petition so as to afford litigants their day in court. Id. The burden of demonstrating that a petition fails to state a cause of action is upon the mover. Id., citing Ramey v. DeCaire, 03-1299, p. 7 (La.3/19/04), 869 So.2d 114, 119.
In Jett v. Dallas Indep. Sch. Dist., 491 U.S. 701, 735, 109 S.Ct. 2702, 105 L.Ed.2d 598 (1989), the United State Supreme Court held, “We hold that the express ‘action of law provided by § 1983 for the ‘deprivation of any rights, privileges, or immunities, secured by the Constitution and laws,’ provides the exclusive federal damages remedy for violation of the rights guaranteed by § 1981 when the claim is against a state actor.” The United States Fifth Circuit Court of Appeals elaborated on this in Oden.
In that case, the 5th Circuit held:
Plaintiffs may plead causes of action under both Title VII and § 1981 against private employers to remedy discrimination in private | ^employment contracts. See Runyon v. McCrary, 427 U.S. 160, 174, 96 S.Ct. 2586, 49 L.Ed.2d 415 (1976); Johnson v. Railway Express Agency, Inc., 421 U.S. 454, 459, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975). Plaintiffs may also pursue a § 1983 cause of action against persons acting under color of state in order to assert their substantive rights under § 1981.
Oden v. Oktibbeha County, Miss., 246 F.3d 458, 462 (5th Cir.2001).
Based on the above jurisprudence and precedents, 42 U.S.C. § 1981 does not provide a cause of action against the DPSC, which is clearly a state agency. Additionally, 42 U.S.C. § 1983, and not § 1981 is the proper vehicle to state a cause of action for the deprivation of civil rights claims.
The Zeitouns have also failed to clearly plead an essential element of § 1981, a contractual relationship with the state player. In Domino’s Pizza Inc. v. *73 McDonald, 546 U.S. 470, 126 S.Ct. 1246, 163 L.Ed.2d 1069 (2006), The United States Supreme Court unanimously held:
Consistent with our prior case law, and as required by the plain text of the statute: Section 1981 offers relief when racial discrimination blocks the creation of a contractual relationship, as well as when racial discrimination impairs an existing contractual relationship, so long as the plaintiff has or would have rights under the existing or proposed contractual relationship.
Domino’s Pizza, 126 S.Ct. at 1252. We reiterate that after reviewing the record, appellants’ petition has failed to mention or provide proof that a contractual relationship was impaired by the alleged actions of the DPSC. The Zeitouns merely assert that Mr. Zeitoun was a victim of discrimination as it related to his incarceration.
[NJothing in the text of § 1981 suggests that it was meant to provide an omnibus remedy for all racial injustice. If so, it would not have been limited to situations involving contracts. Trying to make it a cure-all not only goes beyond any expression of congressional intent but would produce satellite § 1981 litigation of immense scope.
Domino’s Pizza, 126 S.Ct. at 1252.
Based on the above applicable jurisprudence we must agree with the district court that the appellants have failed to state a cause of action for which there is any relief pursuant to 42 U.S.C. §§ 1981 or 1983.

Improper Cumulation

The dilatory exception of improper cumulation examines whether multiple claims or multiple parties are properly joined in one lawsuit. La. C.C.P. Art. 463 states in pertinent part, “[t]wo or more parties may be joined in the same suit, either as plaintiffs or as defendants, if: [.. .](2) Each of the actions cumulated is within the jurisdiction of the court and is brought in the proper venue ...” La. C.C.P. Art. 463(2). Applicable to the case sub judice is the language, “When the court lacks jurisdiction of, or when the venue is improper as to, one of the actions cumulated, the action shall be dismissed.” La. C.C.P. Art. 464.
Here, Warden Hubert’s exception of improper cumulation was granted under La. C.C.P. Art. 463 and Art. 464 because the action against Cornel Hubert, the Warden of Elayn Hunt Correctional Center in St. Gabriel, Parish of Iberville, State of Louisiana, was not brought in the proper venue. See La. R.S. 15:1184(F).

The Louisiana Prison Litigation Reform Act (PLRA)

La. R.S. 15:1181, et seq., governs the delictual actions by prisoners. La. R.S. 15:1181(2) defined a “civil action with respect to prison conditions” or “prisoner suit” as follows:
Any civil proceedings with respect to the conditions of confinement or the effects of actions by government officials on the lives of persons confined in prison, but does not include post-conviction relief or habeas corpus proceedings challenging the fact or duration of confinement in prison.
110The appellants maintain that Warden Hubert is liable, asserting that while at Hunt, Mr. Zeitoun was, “treated with cruelty under the conditions of cruel and unusual punishment.” Appellants also maintain: [13]
The treatment of Mr. Zeitoun at Elayn Hunt Correctional Center, including food, conditions of confinement, and lack *74 of medical care were wrongful, and humiliating and intentional infliction of emotional and physical harm. Defendant, Cornel Hubert, was the warden of this facility, knew of the conditions imposed, and failed and refused to take steps to avoid confinement under conditions of cruel and unusual punishment.[14]
If we accept the allegations as true, they are solely based upon Mr. Zeitoun’s incarceration conditions while at Hunt and fall directly within the definition of a “prisoner suit”, pursuant to the PLRA.
The appellants’ cause of action, against Warden Hubert, arose while he was incarcerated in Hunt. La. R.S. 15:1184(F) dictates that the exclusive venue for prisoner suits shall be the parish where the prison is situated when the cause of action arose. Therefore, we can only conclude that the proper venue for appellants’ matter is in Iberville Parish. The appellants’ claims against Warden Hubert were filed in the wrong venue, and, thus, improperly cumu-lated with appellants’ other claims. The district court properly dismissed the action pursuant to La. C.C.P. Art. 464.
THE CITY OF NEW ORLEANS AND MAYOR C. RAY NAGIN
As noted above, the appellants brought their original petition for damages on August 28, 2006. In that original petition they named the City of New Orleans and then Mayor C. Ray Nagin. On September 29, 2006, the City filed a peremptory exception of no cause of action. Subsequent to this the appellants filed numerous 11T supplements to the original petition for damages. On March 23, 2007, the district court granted the City’s exception of no cause of action and dismissed with prejudice all claims against the City based on the original petition and first amended petition. Nevertheless, the appellants’ filed a second amended petition after the matter was already dismissed. The matter came to this Court and on April 1, 2009, this Court mandated that it be remanded to the district court for consideration of the second amended petition. We note here that the City asserts that the appellants filed the second amended petition but mistakenly entitled it as the third amended petition. With that being said, as it pertains to the City, we will address the issues contained in the third amended petition.
The City maintains that the appellants’ assertions, as contained in the third amended petition, that Mr. Zeitoun’s arrest was motivate by racial animus is unsupported. The appellants also assert causes of action arising out of Mr. Zei-toun’s temporary detention at Camp Greyhound, as well as his incarceration at Hunt.

Cause of action arising out of Mr. Zei-toun’s arrest.

In order to require a public official to respond to allegations that he is liable for an alleged wrongful action of an employee, a petition must allege that the employee’s act was committed while the public official was performing an official duty and that the alleged wrong must have resulted from the wrongful manner in which such official duty was performed.
The appellants assert that Mr. Zeitoun was initially arrested pursuant to the September 6, 2005 Forced Evacuation Order issued by the City of New Orleans by then Mayor C. Ray Nagin pursuant to La. R.S. 29:727. They maintain that Mr. Zeitoun was arrested because of his Middle East *75 ern Muslim ethnicity/racial 112animus. However, Mr. Zeitoun was arrested on charges of suspicion of looting, (La. R.S. 14:62.5), and possession of stolen property, (La. R.S. 14:69). Clearly, Mr. Zeitoun was arrested on criminal charges, not for violating mandatory evacuation orders.
Based on the record before this Court, we find that the appellants have failed to show the connexity between Mr. Zeitoun’s arrest on criminal charges and the City’s forced evacuation order. The mandatory evacuation order issued by then Mayor C. Ray Nagin pursuant to La. R.S. 29:727, does not have any applicability and cannot support the appellants claims against the former mayor or the City. Therefore, this is a meritless claim and fails on the alleged facts and pleadings.

Vicarious Liability

The appellants also contend that the mayor and the City are liable under the theory of respondeat superior. In Louisiana, the vicarious liability of employers, also known as the doctrine of re-spondeat superior; is based upon La. C.C. Art. 2320, which provides that employers are answerable for the damage occasioned by their employees in the exercise of the functions in which they are employed. Henly v. Phillips Abita Lumber Co., 06-1856, pp. 10-11 (La.App. 1st Cir. 10/3/07), 971 So.2d 1104, 1112-13. Specifically, an employer is hable for its employee’s torts committed if, at the time, the employee was acting within the course and scope of his employment. Timmons v. Silman, 99-3264, p. 4 (La.5/16/00), 761 So.2d 507, 510. The proper test in determining an employer’s vicarious liability thus consists of two elements: (1) course of employment, which refers to time and place; and (2) scope of employment, which examines the employment-related risk of injury. Richard v. Hall, 03-1488, pp. 5-6 (La.4/23/04), 874 So.2d 131, 138.
|iSAn employee is acting within the course and scope of his employment when the employee’s action is of the kind that he is employed to perform, occurs substantially within the authorized limits of time and space, and is activated at least in part by a purpose to serve his employer. Timmons, 99-3264 at p. 4, 761 So.2d at 510, citing Orgeron v. McDonald, 93-1353 (La.7/5/94), 639 So.2d 224, 226-27. The inquiry requires the trier of fact to determine whether the employee’s tortious conduct was so closely connected in time, place, and causation to his employment duties as to be regarded a risk of harm fairly attributable to the employer’s business, as compared to conduct motivated by purely personal considerations entirely extraneous to the employer’s interests. Richard, 03-1488 at p. 6, 874 So.2d at 138.
In the instant matter, the appellants’ maintain that “the arrest of Mr. Zeitoun was completely illegal and was motivated by racial animus against him and the other two individuals, his tenants, because they were Muslim or associated with Muslims. The appellants also maintain that the initial police report, allegedly prepared by defendant, Donald Lima,[15] was false and an effort to cover up the wrongful circumstances of the arrest. The remaining individuals who participated in the arrest, who are believed to be Louisiana State Troopers, will be made defendants as soon as their identities are discovered.” The appellants go on to allege that “the treatment of Mr. Zeitoun at Napoleon and St. Charles was unnecessary, wrong *76 ful, and humiliating and an intentional infliction of emotional and physical harm.”
| uBased on the record, the appellants advance numerous accusations, assertions and innuendos with very little factual support. As New Orleans Police Officer Robert Lima has not been dismissed from this matter, appellants’ assertions are basically premature. The appellants have essentially failed to even clearly establish who actually arrested Mr. Zeitoun. Therefore, the appellants have utterly failed to satisfy their burden to establish a cause of action against former Mayor C. Ray Nagin and the City under the theory of respondeat superior.
CONCLUSION
For the above and foregoing reasons, we affirm the district court’s granting of the defendants’ exceptions of no cause of action and improper cumulation.
AFFIRMED

. The appellant asserts that the arresting officer was New Orleans Police Department Officer Donald Lima. He was named a defendant in the appellants’ 2nd amended petition.

. Cornel H. Hubert was the warden of Hunt at the time Mr. Zeitoun was incarcerated after leaving the temporary jail known as Camp Greyhound. The appellant sued Warden Hu- ■ bert both personally and in his professional capacity as Warden of Hunt.

. In appellants' second amended petition they alleged that Mr. Zeitoun was arrested by the NOPD, not the State Police. Appellants also originally and mistakenly named Warden Burl Cain as a defendant in his personal and official capacity as the Warden of Hunt but amended in their second amended petition and joined Warden Hubert in the third amended petition. The appellants also sued Warden Cain alleging that he was in charge of the temporary jail "Camp Greyhound.” Warden Cain remains in the law suit.

. The DPSC was created by La. R.S. 36:401 et seq. as an entity with the power to sue and be sued for all actions against the State Police and the Department of Corrections.

. Art. 463. Cumulation, plural plaintiffs or defendants
Two or more parties may be joined in the same suit, either as plaintiffs or as defendants, if:
(1) There is a community of interest between the parties joined;
(2) Each of the actions cumulated is within the jurisdiction of the court and is brought in the proper venue; and
(3) All of the actions cumulated are mutually consistent and employ the same form of procedure.

. Art. 464. Improper cumulation, effect
When the court lacks jurisdiction of, or when the venue is improper as to, one of the actions cumulated, that action shall be dismissed.
When the cumulation is improper for any other reason, the court may: (1) order separate trials of the actions; or (2) order the plaintiff to elect which actions he shall proceed with, and to amend his petition so as to delete therefrom all allegations relating to the action which he elects to discontinue. The penalty for noncompliance with an order to amend is a dismissal of plaintiff’s suit.

. Art. 927. Objections raised by peremptory exception: (5) No cause of action.

. Zeitoun v. the City of New Orleans, 2008-0782 (La.App. 4 Cir. 4/1/09), 9 So.3d 1025.

. Art. 934. Effect of sustaining peremptory exception
When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection raised through the exception cannot be so removed, or if the plaintiff fails to comply with the order to amend, the action, claim, demand, issue, or theory shall be dismissed.

.The City had similar exceptions.

. 42 U.S.C. § 1981 states:
(a) Statement of equal rights
All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to full and equal benefits of all laws and proceedings for the security of persons and property as it is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.
(b) "Make and enforce contracts” defined For the purposes of this section, the term "make and enforce contracts" includes the making performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.
(c)Protection against impairment
The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under the color of State law.

. 42 U.S.C. § 1983 states:
*72 Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer’s judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

. This excerpt is from the appellants’ third amended petition.

. Mr. Zeitoun asserts that he was only served food with pork which is against his religious beliefs.

. Officer Lima was not a named defendant in the appellants’ original, second or third amended petition.