Judge Roland L. Belsome
hKevion Dillon appeals the trial court’s sustaining of an exception of no cause of action in favor of Toys R Us, Inc. For the following reasons, we reverse and remand the matter for further proceedings.
Ms. Dillon was an employee of Babies R Us, which is owned by Toys R Us, Inc. She maintains that she was caused to resign due to acts of harassment and discrimination against her. Following her resignation, Ms. Dillon filed a lawsuit alleging multiple violations of the Louisiana Employment Discrimination Law as provided for in La. R.S. 23:301 et seq. In addition to those claims, she also alleges acts of defamation, battery, intentional infliction of emotional distress, and failure to timely pay her final wages in violation of the Louisiana Wage Payment Act.
Ms. Dillon filed a Rule to Show Cause as to her claims for penalty wages, interest, attorney’s fees and costs relating to Toys R Us’s violation of the Louisiana Wage Payment Act, La. R.S. 23:631 and 632. In response to the Rule to Show Cause, Toys R Us filed an exception of no cause of action. The trial court |2sustained the exception of no cause of action and dismissed Ms. Dillon’s claims under the Louisiana Wage Payment Act with prejudice. This appeal followed.
On appeal, Ms. Dillon argues that her petition for damages properly asserts a valid cause of action under La. R.S. 23:631 et seq.
In Industrial Companies, Inc. v. Durbin, the Louisiana Supreme Court succinctly outlined the review of a lower court’s sustaining of an exception of no cause of action. Durbin states:
The function of the peremptory exception of no cause of action is to question whether the law extends a remedy against the defendant to anyone under the factual allegations of the petition. The peremptory exception of no cause of action is designed to test the legal sufficiency of the petition by determining whether the particular plaintiff is afforded a remedy in law based on the facts alleged in the pleading. The exception is triable on the face of the petition and, for the purpose of determining the issues raised by the exception, the well-pleaded facts in the petition must be accepted as true. In reviewing a trial court’s ruling sustaining an exception of no cause of action, the appellate court and this court should conduct a de novo review because the exception raises a question of law and the trial court’s decision is based only on the sufficiency of the petition. Simply stated, a petition should not be dismissed for failure to state a cause of action unless it appears *878 beyond doubt that the plaintiff can prove no set of facts in support of any claim which would entitle , him to relief. Every .reasonable interpretation must be accorded the language of the petition in favor of maintaining its sufficiency and affording the plaintiff the opportunity of presenting evidence at trial.[1]
In this case, the exception of no cause of action concerns only the wage claims under La. R.S. 23:631 et seq.[2] The substance of Appellee’s exception of no cause of action is that La. R.S. 23:631 expressly states that the employee must be | ¡¡“discharged” or “resign” in order for the statute to apply. Appellee further maintains that Ms. Dillon’s petition fails to plead either of those actions occurred. Rather, the petition states that due to the alleged harassment, Ms, Dillon could not return to her job at Babies R Us and that constituted a “constructive discharge.” Ap-pellee contends that “constructive discharge” is not covered under the statute and therefore Ms. Dillon has failed to state a cause of action under the statutes.
In reviewing the correctness of the trial court’s ruling, the focus is on whether the law provides a remedy against the particular defendant in this case. In Ms. Dillon’s petition, she asserts a cause of action for “Failure to Make Timely Payment of Wages.” La. R.S. 23:631dictates the manner in which employers must pay an employee owed wages upon the termination of their employment. The statute reads in pertinent part:
A. (l)(a) Upon the discharge of any laborer or other employee of any kind whatever, it shall be the duty of the person employing such laborer or other employee to pay the amount then due under the terms of employment, .whether the employment is by the hour, day, week, or month, on or before the next regular payday or no later than fifteen days following the date of discharge, ' whichever occurs first.
(b) Upon the resignation of any laborer or other employee of any kind whatever, it shall be the duty of the person employing such laborer or other employee to pay the amount then due under the terms of employment, whether the employment is by the hour, day, week, or month, on or before the next regular payday for the pay cycle during which the employee was working at the time of separation or no later than fifteen days following the date of resignation, which- ■ ever occurs first.[3]
Additionally, La. R.S. 23:632 imposes penalties on employers for failure to comply with La. R.S. 23:631. The penalty statute reads:
|4A. Except as provided for in Subsection B of this Section, any employer who fails or refuses to comply with the provisions of R.S. 23:631 shall be liable to the employee either for‘ninety days wages *879 at the employee’s daily rate of pay, or else for full wages from the time the employee’s demand for payment is made until the employer shall pay or tender the amount of unpaid wages due to such employee, whichever is the lesser amount of penalty wages.
B. When the court finds that an employer’s dispute over the amount of wages due was in good faith, but the employer is subsequently found by the court to owe the amount in dispute, the employer shall be liable only for the amount of wages in dispute plus judicial interest incurred from the date that the suit is filed. If the court determines that the employer’s failure or refusal to pay the amount of wages owed was not in good faith, then the employer shall be subject to the penalty provided for in Subsection A of this Section.
C. Reasonable attorney fees shall be allowed the laborer or employee by the court which shall be taxed as costs to be paid by the employer, in the event a well-founded suit for any unpaid wages whatsoever be filed by the laborer or employee after three days shall have elapsed from time of making the first demand following discharge or resignation.[4]
So, in order for Ms. Dillon to state a wage claim against Toys R Us, she must allege i) that Toys R Us was her employer, ii) that the employee/employer relationship ceased to exist, iii) that at the time that the employee/employer relationship ended she was owed wages, and iv) that Toys R Us failed to submit the owed wages within the statutorily mandated 15 days.
On reviewing only the four corners of her petition, Ms. Dillon has pled the following facts regarding. Toys R Us’s failure to timely pay wages:
Ms. Dillon was constructively discharged and her last day at work was March 21, 2015, Although Ms. Dillon made several written requests for her final wages— again were all ignored in bad faith by Toys R Us. An April 14, 2015 letter requesting final was sent, making Toys R Us specifically aware of statutory penalties for non-payment, but Toys R Us refused' to send final wages. Another request was made June 12, 2015 and denied. A follow-up letter to the June 12, 2015 request was sent on June 18, 2015. Toys R Us chose not to remit Ms. Dillon’s final wages until early July of 2015, and more than ninety days after her discharge, despite numerous requests ;..
|RWe find that those facts, taken as true, are sufficient to establish a wage claim against Toys R Us. We do not find, as the trial court did, that failing to use the word “discharged” or “resigned” is fatal to stating a claim under La. R.S. 23:631and 632. Toys R Us can challenge the validity of the allegations at the Rule to Show Cause, but its exception of no cause of action should havé been denied.
For the.reasons.discussed, the judgment of the trial court sustaining the exception of no cause of action and dismissing Kev-ion Dillon’s claims under the Louisiana Wage Payment Act with prejudice is reversed. The matter is remanded for further proceedings.
REVERSED AND REMANDED
JENKINS, J., CONCURS IN THE RESULT
*880 LOVE, J., DISSENTS AND ASSIGNS REASONS
DYSART, J., DISSENTS WITH REASONS
JENKINS, J., CONCURS IN THE RESULT

. Indus. Companies, Inc. v. Durbin, 02-0665, pp. 6-7 (La. 1/28/03), 837 So.2d 1207, 1213 (citations omitted).

. This Court recognizes that a partial exception of no cause of action is not favored in Louisiana. See Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234, 1236 (La.1993). However, a wage claim, such as the one asserted here, is subject to summary proceeding. See La. R.S. 23:631(B), Thus, an employee can proceed on the merits of his/her wage claim by asserting a rule to show cause on that s.ole issue. This procedure, in this case, leaves intact the remainder of the petition for damages. Therefore, wé do'not find this to be a partial exception of no cause of action in violation of Everything on Wheels.

. La. R.S. 23:631 (emphasis added).

. La. R.S. 23:632.