RICK SUTTON  *  NO. 2019-CA-0975

VERSUS  *

JACK ADAMS AND MAISON  *  COURT OF APPEAL
ROYALE, LLC
 *  FOURTH CIRCUIT

 *  STATE OF LOUISIANA

* * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2015-03495, DIVISION "D"
Honorable Nakisha Ervin-Knott, Judge
* * * * * *
**JUDGE SANDRA CABRINA JENKINS**
* * * * * *

(Court composed of Judge Edwin A. Lombard, Judge Roland L. Belsome, Judge
Joy Cossich Lobrano, Judge Rosemary Ledet, Judge Sandra Cabrina Jenkins)

Robert G. Harvey, Sr.
LAW OFFICE OF ROBERT G. HARVEY, SR., APLC
600 North Carrollton Avenue
New Orleans, LA 70119

Donald C. Douglas, Jr.
THE DOUGLAS LAW FIRM, LLC
1070 West Causeway Approach
Suite B
Mandeville, LA 70471

  COUNSEL FOR PLAINTIFF/APPELLANT

Kim M. Boyle
Rebecca Sha
PHELPS DUNBAR LLP
365 Canal Street, Suite 2000
New Orleans, LA 70130

Gregory W. Kehoe
GREENBERG TRAURIG, P.A.
101 E. Kennedy Blvd., Suite 1900
Tampa, FL 33602

  COUNSEL FOR DEFENDANT/APPELLEE

**AFFIRMED**
**OCTOBER 12, 2022**

*SCJ*
*EAL*
*RLB*
*JCL*
*RML*

This appeal arises from one of several lawsuits involving Jack Adams and Rick Sutton, in a protracted dispute over their failed business relationship and the control of two business entities, RJANO Holding, Inc. and Maison Royale, LLC.[1] In the suit underlying this appeal, Sutton filed a petition for unpaid wages against Adams and Maison Royale.

Sutton now appeals the April 26, 2019 judgment rendered by Orleans Parish Civil District Court Div. D granting peremptory exceptions of no cause of action and no right of action filed by Adams and Maison Royale, and dismissing Sutton's

---

[1] The Adams/Sutton litigation includes six civil suits filed in Orleans Parish Civil District Court, all but two of which were allotted to different divisions of the district court. As explained in further detail below, four appeals and four writ applications, arising from four of the underlying civil suits, were lodged in this Court in 2019. In January 2020, this Court *sua sponte* consolidated all four appeals and four writ applications. Oral arguments for the consolidated matter were set for April 28, 2020, but continued without date due to the COVID-19 pandemic. Thereafter, the resetting of this consolidated matter was continued and delayed three more times due, respectively, to a stay of the matter, the closure of the Court due to Hurricane Ida, and a continuance requested on account of the health of lead counsel for Sutton. Oral arguments for the consolidated appeals and writs were held before the five-judge panel on May 20, 2022. After submission, upon further consideration, this Court ordered that the appeals be unconsolidated to address the issues presented in each with more precision and clarity.

claims against the defendants with prejudice. Upon review of the entire record, and based on applicable law, we affirm Div. D's April 26, 2019 judgment dismissing Sutton's claims in this wage claim suit.

## FACTUAL AND PROCEDURAL BACKGROUND

In June 2011, Sutton and Adams entered into a business relationship for the purpose of leasing property at 501 Royal Street (the "Property") and operating a fine jewelry store and art gallery at that location. Sutton and Adams did not have a written partnership agreement or business plan, but the parties agreed to form two entities: RJANO, a corporation to lease the Property; and Maison Royale, an LLC created to operate the store. By October 2014, the business relationship between Sutton and Adams had deteriorated; and, since then, Sutton and Adams have been locked in a series of lawsuits stemming from their failed business relationship.

For purposes of understanding the procedural posture and the issues in this appeal, we provide the following background of two of the suits in the Adams/Sutton litigation.[2]

**"Breach of Contract" suit (Div. N)**

In November 2014, Sutton, individually and derivatively on behalf of RJANO and Maison Royale, filed a petition for breach of contract and damages, naming Adams, RJANO, and Maison Royale as defendants.[3] The Breach of Contract suit was allotted to Div. N.

In that original suit, Sutton alleged that, in 2011, he and Adams entered into their business agreement to form RJANO and Maison Royale, to lease the Property

---

[2] A synopses of all Adams/Sutton suits is provided in the related opinion of *Adams v. Sutton*, 19-0247 (La. App. 4 Cir. 10/12/2022), -- So.3d –, (hereinafter "*Adams I*") rendered on the same date as the instant appeal.

[3] *Rick M. Sutton, Individually and Derivatively on behalf of RJANO Holdings, Inc. and Maison Royale, LLC v. Jack Adams, Maison Royale, LLC and RJANO, Inc.*, CDC No. 2014-10709.

and operate the fine jewelry store and art gallery. Under the unwritten terms of their agreement, Sutton alleged that Adams was to put up the financial cash needed for the first year, as well as handle all of the corporate and LLC paperwork. Sutton also alleged that he worked at the Maison Royale store without pay for the first year and later became a salaried employee. Sutton further alleged that, "on or about the first week in October, 2014," Adams approached Sutton, told him he was fired, and had him removed from the store. Thereafter, Sutton alleged that Adams took actions to effectively freeze Sutton out of the business and that Adams wrongfully terminated him and withheld salary.

Within the Breach of Contract suit, Sutton sought an injunction against Adams. Following a hearing for a preliminary injunction, Div. N rendered judgment on December 1, 2014, in favor of Sutton, and enjoining Adams from preventing Sutton access to the Property and the books and records of the business, and preventing Sutton from "his ability to engage in his job of selling merchandise in the partnership."

After several years of litigation without trial or resolution in this suit, on January 23, 2019, Adams filed peremptory exceptions of no right of action and res judicata, seeking dismissal of all claims against all defendants with prejudice. On April 26, 2019, Div. N rendered judgment, in the Breach of Contract suit, granting the exceptions of no right of action and res judicata and dismissing all claims in that suit with prejudice.

**"Wage Claim" suit (Div. D)**

3

On April 14, 2015, Sutton filed the underlying Wage Claim suit against Maison Royale and Adams, at issue in this appeal.[4] Sutton alleged that he was hired by defendants in 2012, and paid a weekly salary until October 10, 2014, at which time Adams ceased paying him. Sutton asserted that he was due unpaid wages, vacation pay, and other benefits, as well as penalty wages and attorney fees.

On February 26, 2019, Adams and Maison Royale filed peremptory exceptions of res judicata, no cause of action, and no right of action, seeking the dismissal of Sutton's wage claim suit with prejudice. After a hearing on the exceptions, Div. D rendered judgment on April 26, 2019, granting the exceptions of no cause of action and no right of action, dismissing Sutton's wage claim with prejudice, and denying Sutton's oral motion to amend the petition pursuant to La. C.C.P. art. 934.[5] Sutton filed a timely motion for new trial that was denied by Div. D on August 12, 2019.

This appeal followed.

## DISCUSSION

In this appeal of the Wage Claim judgment, Sutton argues that Div. D erred in granting the exception of no right of action, granting the exception of no cause of action, dismissing the wage claim with prejudice without allowing Sutton to amend the petition, and denying his motion for new trial.

**No Right of Action**

The peremptory exception of no right of action presents a question of law that is reviewed *de novo* on appeal. *Zeigler v. Housing Authority of New Orleans*, 15-0626, p. 4 (La. App. 4 Cir. 3/23/16), 192 So.3d 175, 178. "An exception of no

---

[4] *Rick Sutton v. Jack Adams and Maison Royale, LLC*, CDC No. 2015-03495.
[5] The April 26, 2019 judgment denied the exception of res judicata as premature.

4

right of action assumes the petition states a valid cause of action, and questions whether the plaintiff in the particular case has a legal interest in the subject matter of the litigation." *Bruzeau v. Wells Fargo Bank, N.A.*, 12-0075, p. 5 (La. App. 4 Cir. 8/22/12), 99 So.3d 1010, 1014 (citations omitted). "An action can only be brought by a person having a real and actual interest, which he asserts." *Howard v. Admin. of Tulane Educ. Fund*, 07-2224, p. 8 (La. 7/1/08), 986 So.2d 47, 54 (citing La. C.C.P. art. 681).

In Adams' peremptory exception of no right of action, he argued that he is not a proper defendant to Sutton's wage claim suit, because he was not Sutton's employer. Adams points out that Sutton named him as a defendant in his capacity as the manager of the limited liability company, Maison Royale.

From our review of the Wage Claim petition, we agree that Sutton has no right to pursue a wage claim action against Adams as the manager of Maison Royale, which owns and operates the store where Sutton was employed. A limited liability company is a separate legal entity distinct from its members, managers, and owners. *See* La. R.S. 12:1301, *et seq.* A manager of an LLC is not liable in such capacity for a debt, obligation, or liability of the LLC. La. R.S. 12:1320(B). Nor is a manager of an LLC a proper party to a proceeding by or against an LLC, except when the object is to enforce such a person's rights against or liability to the LLC. La. R.S. 12:1320(C); *see Double-Eight Oil and Gas, L.L.C. v. Caruthers Producing, Co.*, 44,199, pp. 5-6 (La. App. 2 Cir. 5/20/09), 13 So.3d 754, 758. Accordingly, Sutton has no right of action against Adams for a wage claim.

In regards to Sutton's right of action against Maison Royale, we shift to the discussion of whether Sutton stated a valid cause of action for a wage claim under

the Louisiana Wage Payment Act. Our finding as to the cause of action is relevant to the analysis of Sutton's right of action against Maison Royale.

**No Cause of Action**

This Court reviews a trial court's ruling on an exception of no cause of action under the *de novo* standard of review, because the exception presents a question of law and the trial court's decision is based only on the sufficiency of the petition. *Herman v. Tracage Development, L.L.C.*, 16-0082, p. 4 (La. App. 4 Cir. 9/21/16), 201 So.3d 935, 939 (quoting *Fink v. Bryant*, 01-0987, p. 4 (La. 11/28/01), 801 So.2d 346, 349).

The function of the peremptory exception of no cause of action is to test the legal sufficiency of the petition, by determining whether the law affords the party a remedy based upon the facts alleged in the petition. *Zeitoun v. City of New Orleans*, 11-0479, p. 7 (La. App. 4 Cir. 12/7/11), 81 So.3d 66, 72 (citing *Foti v. Holliday*, 09-0093, p. 5 (La. 10/30/09), 27 So.3d 813, 817). At the trial of the exception, the burden is on the mover to demonstrate that the petition fails to state a valid cause of action. *Zeitoun*, 11-0479, p. 7, 81 So.3d at 72. No evidence may be introduced to support or controvert the exception of no cause of action. La. C.C.P. art. 931. The well-pleaded facts alleged in the petition must be accepted as true, and, based thereon, the court must determine whether a valid cause of action has been pled. *Tuban Petroleum, L.L.C. v. SIARC, Inc.*, 09-0302, p. 3 (La. App. 4 Cir. 4/15/09), 11 So.3d 519, 522 (citing *Bernberg v. Strauss*, 08-0488, p. 5 (La. App. 4 Cir. 12/3/08), 999 So.2d 1184, 1187).

In support of the exception, Adams argued that Sutton failed to allege the basic elements to establish a wage claim pursuant to the Louisiana Wage Payment Act ("LWPA"), La. R.S. 23:631 *et seq*. Adams asserted that the Wage Claim

6

petition does not allege a date of termination or that the employment relationship ceased to exist.[6]  Adams also argued that Sutton failed to state a cause of action for vacation pay or other benefits, because Sutton failed to allege facts establishing his eligibility or entitlement to such compensation under his terms of employment. Finally, Adams argued that Sutton failed to demonstrate entitlement to relief under the LWPA and, thus, is not entitled to penalties and attorney fees.

The LWPA provides for the manner in which employers must pay an employee wages owed upon the termination of their employment.  In pertinent part, La. R.S. 23:631 provides,

> A. (1)(a) Upon the discharge of any laborer or other employee of any kind whatever, it shall be the duty of the person employing such laborer or other employee to pay the amount then due under the terms of employment, whether the employment is by the hour, day, week, or month, on or before the next regular payday or no later than fifteen days following the date of discharge, whichever occurs first.

In order to state a wage claim under La. R.S. 23:631, a petitioner must allege (1) he was employed by the defendant employer; (2) that the employee-employer relationship ceased to exist; (3) that, at the time the employee-employer relationship ended, he was owed wages; and (4) the employer failed to submit the owed wages within the statutorily mandated 15 days.  *Dillon v. Toys R Us-Delaware Corp.*, 16-0983, p. 4 (La. App. 4 Cir. 5/31/17), 221 So.3d 876, 879.

In the Wage Claim petition, Sutton alleges the following pertinent facts: he was "contractually hired by the defendants in 2012 as an employee-working

---

[6] In the alternative, Adams argued that Sutton alleged a date of termination in his prior Breach of Contract petition, in which Sutton alleged Adams fired him "on or about October 10, 2014"; and, Adams contends that, if October 10, 2014 is the date of his termination, then Sutton is not owed any unpaid wages, because that is the date in the Wage Claim petition that he alleges Adams ceased paying him.  However, this Court cannot consider that argument on an exception of no cause of action because it goes beyond the four corners of the Wage Claim petition.

partner, as a sales employee, and manager earning base salary $3,846.15 weekly"; he was paid regularly until October 10, 2014, "at which time Jack Adams ceased paying [Sutton]"; "[o]ther than for a short time which during which [*sic*] [Sutton] was locked out of the store" he continued to work 48 hour weeks without pay; he made written demand on October 20, 2014, by mail, and on March 4, 2015, by hand-delivery, "of all back wages through the current week"; and he has received no response to his demand. Based upon those alleged facts, Sutton asserts that he is entitled to back wages for 25 weeks, and one week of vacation pay, totaling $99,999.00. Sutton further asserts that, "as a result of defendants bad faith in failing to continuing to pay [Sutton] without justification," he is entitled to penalty wages and attorney fees, pursuant to La. R.S. 23:631 and 23:632.[7]

Taking the facts alleged in the Wage Claim petition as true, we find Sutton fails to state a cause of action under La. R.S. 23:631. Although Sutton alleges that he was hired as an employee by defendants, Sutton fails to allege that the employment relationship ceased to exist. In fact, Sutton alleges he continued to work without pay up through the current date of demand, and seeks 25 weeks of unpaid wages from the date Adams ceased paying him on October 10, 2014. He also asserts he is due bad faith penalty wages for defendants' failure to continue to pay him. Thus, Sutton alleges a continuing employee-employer relationship. Consequently, we find that the allegations in the Wage Claim petition fail to state a cause of action for unpaid wages after discharge of employment.

Returning to Sutton's right of action against Maison Royale, based upon the allegations of the petition, we find Sutton has no legal interest to pursue a wage

---

[7] La. R.S. 23:632 imposes penalties on employers, and provides for reasonable attorney fees in the event of a well-founded suit, for failure to comply with La. R.S. 23:631.

claim against Maison Royale under the provisions of LWPA. Under La. R.S. 23:631, the petitioner must be an employee who has been discharged or resigned and was owed wages as of the date the employment relationship ceased. According to his own factual allegations, Sutton does not belong to the class of persons to whom La. R.S. 23:631 provides a cause of action. Therefore, we find Sutton has no right of action against Maison Royale for a wage claim.

**Dismissal without Opportunity to Amend**

Sutton also argues that the trial court erred in dismissing his Wage Claim suit with prejudice, without the opportunity to amend the petition pursuant to La. C.C.P. art. 934, which provides as follows:

> When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection raised through the exception cannot be so removed, or if the plaintiff fails to comply with the order to amend, the action, claim, demand, issue, or theory shall be dismissed.

"The decision to allow a plaintiff to amend a petition under La. C.C.P. art. 934 is within the discretion of the trial court, and will not be disturbed absent manifest error or abuse of discretion." *Faubourg Saint Charles, LLC v. Faubourg Saint Charles Homeowners Ass'n, Inc.*, 18-0806, p. 8 (La. App. 4 Cir. 2/20/19), 265 So.3d 1153, 1159 (citing *Massiha v. Beahm*, 07-0137, p. 4 (La. App. 4 Cir. 8/15/07), 966 So.2d 87, 89.

Sutton argued in his motion for new trial on the exceptions that he could cure the exceptions of no right of action and no cause of action as to Maison Royale and, therefore, Div. D erred in not allowing him to amend. But, from a review of the Wage Claim petition, we find that Sutton could not amend his

9

petition without alleging completely different, contradictory facts.[8] Moreover, as Div. D and this Court are aware, Sutton was also pursuing his Breach of Contract suit simultaneously, in which he alleged he was an LLC member of Maison Royale. As such, Sutton would not have an individual right of action against Maison Royale for a wage claim. Thus, we find any attempt to amend the petition to state a right of action and cause of action would likely include allegations contradictory to the original petition. Therefore, we find no abuse of discretion in Div. D's decision to dismiss Sutton's Wage Claim petition with prejudice without allowing an opportunity to amend.

## CONCLUSION

For the foregoing reasons, we affirm the April 26, 2019 judgment rendered by Div. D, granting exceptions of no cause of action and no right of action, and dismissing Sutton's Wage Claim suit with prejudice.

**AFFIRMED**

---

[8] In his original petition, as discussed, Sutton alleges that he continued to work for 25 weeks without pay and he does not allege the end of his employment. In order to establish a wage claim, he would likely allege contradictory allegations to establish a date of termination on or about October 10, 2014.