# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 10-1130 C/W 10-1131, 10-1132


**TIMOTHY HUGH QUEEN**

**VERSUS**

**O. S. NUGENT, ASST. WARDEN**

**consolidated with**

**TIMOTHY HUGH QUEEN**

**VERSUS**

**JEFFREY MILLER, ASST. WARDEN**

**consolidated with**

**TIMOTHY HUGH QUEEN**

**VERSUS**

**O.S. NUGENT, ASST. WARDEN**

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NOS. 2009-6080, 2010-26 AND 2010-65
HONORABLE RONALD WARE, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**OSWALD A. DECUIR**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of John D. Saunders, Oswald A. Decuir, and Jimmie C. Peters,
Judges.

**AFFIRMED.**

**Robert C. McCorquodale**
**In House Counsel**
**Calcasieu Parish Sheriff's Office**
**1011 Lakeshore Drive, Suite 310**
**Lake Charles, LA 70601**
**(337) 491-3622**
**Counsel for Defendants/Appellees**
> **O.S. Nugent and Jeffrey Miller in their**
> **official capacities as deputy sheriffs employed**
> **by the Calcasieu Parish Sheriff's Office**

**Timothy Hugh Queen**
**In Proper Person**
**Calcasieu Sheriff's Prison**
**5300 E. Broad Street**
**Lake Charles, LA 70615**

**DECUIR, Judge.**

In these consolidated cases, pre-trial detainee, Timothy Hugh Queen (Queen), appeals judgments of the trial court granting the peremptory exceptions of no cause of action filed by defendants, employees of the Calcasieu Parish Sheriff's Office.

### FACTS

Queen is housed in the Calcasieu Parish Correctional Facilities (CPCF) awaiting trial for armed robbery and other offenses. The CPCF is operated by the Calcasieu Parish Sheriff (Sheriff). On several instances during his stay, Queen, who had sought "indigent inmate" status, had family members deposit funds in the names of other inmates so that he could purchase personal items while avoiding having to help pay for the costs of his incarceration. Queen went through an administrative procedure and was disciplined for utilizing other inmates' debit accounts to avoid the indigent inmate "payback" system operating within the facility. Queen appealed the discipline ordered in the administrative procedure to the Fourteenth Judicial District Court naming assistant wardens, Jeffrey Miller and O.S. Nugent, as defendants.

Defendants filed exceptions of no cause of action which were granted by the trial court. Queen lodged these appeals.

### DISCUSSION

On appeal, Queen contends the trial court erred in granting the exceptions of no cause of action. Specifically, Queen contends the trial court erred in finding that he was not entitled to judicial review under La.R.S. 15:1177.

The defendants contend that there is no provision for judicial review of a decision under a sheriff's administrative remedy procedure because the statute provides only for review of "an adverse decision . . . by the Department of Public Safety and Corrections or a contractor operating a private prison facility." La.R.S.

15:1177(A). While La.R.S. 15:1177 does mention inmates in the custody of the sheriff, it does not provide for judicial review of sheriffs' procedures; it only provides the venue for judicial review of the Department of Correction's decisions regarding inmates housed in a parish prison. Moreover, Queen names employees of the Sheriff as defendants even though the statute specifically provides that the Department of Public Safety and Corrections is the only proper party defendant. La.R.S. 15:1177(A)(1)(b). *See* also *Winston v. Martin,* 34,195, 34,200 (La.App. 2 Cir. 9/21/00), 764 So.2d 368.

Queen argues that La.R.S. 15:1174 defines "offender" in such a way as to bring him under the purview of the statute. Even if this were the case, it does not mean he is entitled to judicial review under La.R.S. 15:1177. We are mindful that our brethren on the first circuit have reached a contrary conclusion saying:

> [T]his interpretation, which if carried to its logical conclusion seems to imply that some inmates housed in parish prisons are governed by the Department of Corrections' administrative remedy procedure and others in the same facility are governed by the Parish Prison's procedure. We believe that the statute, while clumsily phrased, does provide for judicial review of an adverse decision "rendered pursuant to *any administrative remedy procedure* under [the CARP]," including procedures adopted by sheriffs. LSA 15:1177(A) (emphasis added).

*Spooner v. East Baton Rouge Parish Sheriff Dept.*, 01-2663, p. 6 ( La.App. 1 Cir. 11/8/02), 835 So.2d 709, 713. We disagree.

We take judicial notice of the fact that the Department of Public Safety and Corrections contracts with local sheriffs to house inmates in parish correctional facilities. This means that it is completely logical for some inmates, such as pre-trial detainees like Queen, to be treated differently under the statute. Accordingly, we find no error in the trial court's judgments granting the exceptions of no cause of action in favor of the defendants.

**DECREE**

For the foregoing reasons, the judgments of the trial court in these consolidated cases are affirmed.

**AFFIRMED.**