NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

11-1155


TIMOTHY HUGH QUEEN

VERSUS

H. GREGORY TETE, SENIOR WARDEN


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2010-463
HONORABLE G. MICHAEL CANADAY, DISTRICT JUDGE


\*\*\*\*\*\*\*\*\*\*


JOHN D. SAUNDERS
JUDGE


\*\*\*\*\*\*\*\*\*\*


Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, and J. David Painter, Judges.


AFFIRMED


Robert C. McCorquodale
In House Counsel
P. O. Box 2185
Lake Charles, LA 70602
(337) 491-3622
COUNSEL FOR DEFENDANT APPELLEE:
    H. Gregory Tete, Senior Warden

**Timothy Hugh Queen**
**Calcasieu Correctional Center**
**P. O. Box 2017**
**Lake Charles, LA 70602**
**COUNSEL FOR PLAINTIFF APPELLANT:**
     **Timothy Hugh Queen**

**SAUNDERS, J**.

The appellant, a pre-trial inmate housed by the parish correctional center, appeals an administrative decision by the parish sheriff denying his appeal of the result of a disciplinary hearing against him. The trial court granted defendant sheriff's exception of no cause of action, because it found that the statute under which the appellant appeals fails to provide a basis for judicial review. We affirm the judgment of the trial court.

**FACTS AND PROCEDURAL HISTORY**

Appellant Timothy Hugh Queen (hereinafter "Queen") is a pre-trial inmate at the Calcasieu Parish Correctional Center awaiting trial for armed robbery and other offenses. During his stay, Queen had family members deposit funds in the names of other inmates so that he could purchase personal items and avoid having to pay for the costs of his incarceration. After an administrative procedure, Queen was disciplined for these actions. In response, Queen filed multiple Petitions for Administrative Review with the 14th Judicial District Court. In these petitions, including the one before us, Queen lists Calcasieu Parish Sheriff's Office (hereinafter "Calcasieu Parish Sheriff'") employees as defendants. Queen does not include the Department of Public Safety and Corrections (hereinafter "DPSC") as a defendant.

First, Queen appealed the discipline ordered in the administrative procedure, naming assistant wardens Jeffrey Miller and O.S. Nugent as defendants. The cases which Queen filed at this time were consolidated into *Queen v. Nugent*, 10-1130 (La.App. 3 Cir. 3/9/11), 58 So. 3d 1045. In that case, the defendants filed exceptions of no cause of action which were granted by the trial court. Queen appealed, and this court affirmed the decision of the trial court, holding that La.R.S.

15:1177 does not provide an avenue of judicial review for Queen against the defendants.

In the underlying case, Queen appeals again, naming the senior warden of Calcasieu Parish Correctional Center, H. Gregory Tate (hereinafter "Tate"), as defendant. Queen, pursuant to policy, appealed directly to Tate, who denied Queen's appeal but suspended the sanctions. It is this administrative decision which Queen now appeals.

Queen relies on La.R.S. 15:1177 to seek judicial review of the administrative decision. The Calcasieu Parish Sheriff[1] filed a Peremptory Exception of No Cause of Action, asserting that the procedure established by La.R.S. 15:1177 was not available to Queen, because of his status as a pre-trial inmate, and because the only decisions subject to judicial review under the statute are those rendered by the DPSC. The trial court granted the Calcasieu Parish Sheriff's peremptory exception, ruling that the statute is not available as a basis to review administrative decisions by the Calcasieu Parish Sheriff. It is this judgment which Queen appeals. For the reasons discussed herein, we affirm.

**ASSIGNMENTS OF ERROR**

1. The trial court erred in granting appellee's Peremptory Exception of No Cause of Action and dismissing appellant's petition.

**LAW AND ANALYSIS**

The issue in this case is whether La.R.S. 15:1177 provides an avenue of judicial review against the Calcasieu Parish Sheriff's Office and of the administrative rulings its employees make in regard to pre-trial inmates. Queen

---

[1] To avoid confusion, we will refer to defendant Tate as "Calcasieu Parish Sheriff," as the parties do in in their briefs, and since the Calcasieu Parish Sheriff runs the Calcasieu Parish Correctional Center.

asserts that it does. We reject this contention, as we have already reviewed the law regarding this issue in a previous and related case, which is mentioned in the Facts.

Louisiana Revised Statute 15:1177 states in relevant part:

> A. Any offender who is aggrieved by an adverse decision, excluding decisions relative to delictual actions for injury or damages, by the Department of Public Safety and Corrections or a contractor operating a private prison facility rendered pursuant to any administrative remedy procedures under this Part may, within thirty days after receipt of the decision, seek judicial review of the decision only in the Nineteenth Judicial District Court or, if the offender is in the physical custody of the sheriff, in the district court having jurisdiction in the parish in which the sheriff is located . . . .

La.R.S. 15:1177.

The law interpreting this statue was explained in detail in *Queen v. Nugent*, 10-1130 (La.App. 3 Cir. 3/9/11), 58 So.3d 1045:

> The defendants contend that there is no provision for judicial review of a decision under a sheriff's administrative remedy procedure because the statute provides only for review of "an adverse decision ... by the Department of Public Safety and Corrections or a contractor operating a private prison facility." La.R.S. 15:1177(A) While La.R.S. 15:1177 does mention inmates in the custody of the sheriff, it does not provide for judicial review of sheriffs' procedures; it only provides the venue for judicial review of the Department of Correction's decisions regarding inmates housed in a parish prison. Moreover, Queen names employees of the Sheriff as defendants even though the statute specifically provides that the Department of Public Safety and Corrections is the only proper party defendant. La.R.S. 15:1177(A)(1)(b). See also *Winston v. Martin*, 34,195, 34,200 (La.App. 2 Cir. 9/21/00), 764 So.2d 368.

*Queen*, 58 So.3d at 1046-47.

Also pertinent to this case is *Winston v. Martin*, where the Second Circuit explains further that La.R.S. 15:1177 provides for judicial review of DPSC procedures and against the DPSC only.

> [Plaintiff's] position is that venue is controlled by the provisions of La.R.S. 15:1171 et seq. These provisions are found in Part XV of Chapter 7 of Title 15 of the Louisiana Revised Statutes. Originally, these provisions comprised [La.]R.S. 15:1159.1 through 1159.6; the title of the act establishing the provisions states that the act is:

3

relative to the administrative remedies available to offenders for the purpose of preserving any cause of action against the State of Louisiana, Department of Public Safety and Corrections, or its employees, to authorize and provide with respect to such remedies, to provide for relevant procedures, to provide confidentiality of records, and to provide for related matters.

The provisions of La.R.S. 15:1177 state that any offender who is aggrieved by an adverse decision of the Department of Public Safety and Corrections, rendered pursuant to any administrative remedy procedures under Part XV may, within 30 days after receipt of the decision, seek judicial review of the decision only in the 19th Judicial District Court or, if the offender is in the physical custody of the sheriff, in the district court having jurisdiction in the parish in which the sheriff is located, in the manner provided by [La.]R.S. 49:964.

Both the title of the act, as well as the provisions of [La.]R.S. 15:1177, show that the provisions apply strictly to causes of action against the State of Louisiana, Department of Public Safety and Corrections, or its employees. And while the kinds of complaints and grievances falling under these provisions are broad in scope, the provisions plainly do not apply to individuals who are not employees of the Louisiana Department of Public Safety and Corrections.

*Winston v. Martin*, 34,195 pp. 3-4 (La.App. 2 Cir. 7/6/00), 764 So.2d 368, 370-371.

Turning to the case *sub judice*, Queen is a pre-trial inmate housed in the Calcasieu Parish Correctional Center, which is operated by the Calcasieu Parish Sheriff. Queen is awaiting trial on the charge of armed robbery and other offenses. In its Memorandum in Support of the Peremptory Exception of No Cause of Action, the Calcasieu Parish Sheriff states:

[Queen] is a parish inmate and not housed by the [DPSC]. Once an inmate is convicted of a violation of state law, if he/she is ordered to serve jail time, they [sic] become a [DPSC] prisoner with the State being responsible for the cost of housing the inmate. Sometimes, in a capacity similar to a private person, local [s]heriffs will house [DPSC] inmates for a fee. At the current time and at the time of the filing of the request for review of the administrative proceedings, Timothy Queen was not a [DPSC] inmate and was instead a parish, pre-trial inmate.

4

Queen argues that the trial court erred in granting the Calcasieu Parish Sheriff's Peremptory Exception of No Cause of Action. We disagree with his contention. First, La.R.S. 15:1177 "does not provide for judicial review of sheriffs' procedures; it only provides the venue for judicial review of the Department of Correction's decisions regarding inmates housed in a parish prison." *Queen*, 58 So.3d at 1046-47. Here, Queen appeals an administrative decision made by the Calcasieu Parish Sheriff, rather than by the DPSC. Therefore, La.R.S. 15:1177 is not available to Queen as a vehicle for judicial review of the Calcasieu Parish Sheriff's procedures.

The next manner in which Queen's argument fails is in regard to the proper party defendant. "Both the title of the act, as well as the provisions of [La.]R.S. 15:1177, show that the provisions apply strictly to causes of action against the State of Louisiana, Department of Public Safety and Corrections, or its employees." *Winston*, 764 So.2d at 371. In this case, the record show that Queen, as an inmate who has not yet been tried on the charges against him, is a parish inmate whose incarceration is paid for and operated by the Calcasieu Parish Sheriff. Accordingly, Queen is not a DPSC inmate, but rather a pre-trial, parish inmate. Queen's cause of action is against the Calcasieu Parish Sheriff. Since the only proper party defendant pursuant to La.R.S. 15:1177 is the DPSC, then the statute is unavailable to Queen as an avenue for judicial review.

**CONCLUSION**

In finding that La.R.S. 15:1177 fails to provide a basis for his appeal, Timothy Hugh Queen's appeal is denied, and we affirm the judgment of the trial court.

**AFFIRMED.**

5