764 So.2d 368 (2000)
Johnny WINSTON, Plaintiff-Appellant,
v.
Jimmie MARTIN, et al., Defendants-Appellees.
Nos. 34,195-CA, 34,200-CW.
Court of Appeal of Louisiana, Second Circuit.
July 6, 2000.
Rehearing Denied August 17, 2000.
*369 Johnny Winston, in proper personAppellant.
Hall, Lestage & Landreneau by David R. Lestage, De Ridder, Counsel for Defendants-Appellees.
Before BROWN, GASKINS and DREW, JJ.
PER CURIAM.
These matters concern a judgment of the district court granting a declinatory exception of improper venue and transferring the underlying case from the 5th Judicial District Court, Parish of Richland, to the 36th Judicial District Court, Parish of Beauregard. Because both the writ application and the appeal concern the correctness of the same judgment, we have consolidated both in the interest of judicial economy. Furthermore, while a judgment sustaining an exception of improper venue may be reviewed on appeal, Hill v. Hill, 575 So.2d 886 (La.App. 2d Cir.1991), the interests of judicial efficiency are better served by considering the question of venue, a decision of a procedural and interlocutory nature, pursuant to this court's supervisory jurisdiction, rather than making the litigants wait a long period of time for disposition by appeal. See Hamilton Medical Group v. Ochsner Health Plan, 550 So.2d 290 (La.App. 3rd Cir.1989). Accordingly, as in the Hamilton case, we have converted the appeal on the venue judgment into a supervisory writ application, and we will consider both that application, as well as the application in No. 34,200-CW, pursuant to our supervisory jurisdiction.

FACTS
This litigation began in January 2000 when plaintiff, Johnny Winston, filed a petition for damages in the 5th Judicial District Court, Parish of Richland. The petition named Jimmie Martin, the Deputy Clerk of the 36th Judicial District Court, Beauregard Parish, as a defendant. Also named as a defendant was Ronald Nichols, the Clerk of the 36th Judicial District Court. The petition also stated that liability insurers of the named defendants were also defendants, but the petition provided no names for said insurers.
The petition essentially stated that Martin and Nichols, operating within the course and scope of their employment, deprived Winston of access to the appellate court by not properly filing, dating, certifying, and signing certain records pertaining *370 to Winston's assignments of error regarding his sentence from a criminal conviction. Although the record indicates that Winston never sought a rehearing from the Third Circuit concerning sentencing issues that were not addressed in that court's opinion, the question before us does not concern the validity of his claims against the defendants, but concerns venue.
In February 2000, Martin and Nichols filed declinatory and dilatory exceptions, including an exception of improper venue. The following month, they filed a motion for transfer based on forum non conveniens. After holding a hearing on the exceptions on April 10, 2000, including the exception of improper venue as well as the request to transfer because of forum non conveniens, the trial court granted the exception of improper venue and transferred the case to Beauregard Parish. In the alternative, the court ruled that the case be transferred to Beauregard Parish based on forum non conveniens. At the conclusion of the hearing, Winston orally moved for, and was granted, an appeal. Later that month, Winston filed a motion for reconsideration of the decision concerning transfer of venue, but the trial court denied that motion the same day it was filed. Still later that month, Winston filed a motion for an extension of time to file a motion for new trial on the issue of improper venue. The day after this filing, the judge denied Winston's motion, indicating that the court would not allow a new trial on that motion or any motion filed by Winston. Winston then sought review via an application for supervisory writs and via appeal.

DISCUSSION
The issues that Winston raises concerning the correctness of the trial court's judgments are contained in the four assignments of error he set forth in his appeal. They are:
(1) The trial court erred in granting the defendants' declinatory exception of improper venue.
(2) The trial court erred in granting the defendants' motion for transfer based on forum non conveniens.
(3) The trial court erred in denying plaintiff's motion to stay proceedings and transfer proceedings to Beauregard Parish.
(4) The trial court erred in denying plaintiffs motion for an extension of time to file a motion for a new trial on the issue of improper venue.
Because we conclude that the trial court correctly granted the exception of improper venue and correctly transferred the case to Beauregard Parish, we need not discuss Assignment of Error No. 2 concerning forum non conveniens. Furthermore, the question of whether the trial court erred in denying Winston's motion to stay is now moot.

VENUE
Winston's position is that venue is controlled by the provisions of La. R.S. 15:1171 et seq. These provisions are found in Part XV of Chapter 7 of Title 15 of the Louisiana Revised Statutes. Originally, these provisions comprised R.S. 15:1159.1 through 1159.6; the title of the act establishing the provisions states that the act is:
relative to the administrative remedies available to offenders for the purpose of preserving any cause of action against the State of Louisiana, Department of Public Safety and Corrections, or its employees, to authorize and provide with respect to such remedies, to provide for relevant procedures, to provide confidentiality of records, and to provide for related matters.
The provisions of La. R.S. 15:1177 state that any offender who is aggrieved by an adverse decision of the Department of Public Safety and Corrections, rendered pursuant to any administrative remedy procedures under Part XV may, within 30 *371 days after receipt of the decision, seek judicial review of the decision only in the 19th Judicial District Court or, if the offender is in the physical custody of the sheriff, in the district court having jurisdiction in the parish in which the sheriff is located, in the manner provided by R.S. 49:964.
Both the title of the act, as well as the provisions of R.S. 15:1177, show that the provisions apply strictly to causes of action against the State of Louisiana, Department of Public Safety and Corrections, or its employees. And while the kinds of complaints and grievances falling under these provisions are broad in scope, the provisions plainly do not apply to individuals who are not employees of the Louisiana Department of Public Safety and Corrections. Thus, the defendants in the instant case, who are the Clerk and Deputy Clerk of the 36th Judicial District Court, plainly do not fall within the scope of the provisions of Part XV of Title 15.
We find that nothing in the record before us indicates Beauregard Parish is not a parish of proper venue for this action, or that Richland Parish is a parish of proper venue. We observe that under the provisions of either La. R.S. 13:5104(A) or (B), the district court having jurisdiction in the parish in which the cause of action arises would be a parish of proper venue. Beauregard Parish is the parish in which Winston's cause of action arose because that is the parish in which the alleged negligent actions of the defendants occurred. Similarly, if we were simply to view the action as one for the recovery of damages for an offense or quasi offense governed by the provisions of La. C.C.P. art. 74, proper venue would lie in Beauregard Parish because that is where the alleged wrongful conduct occurred. Compare Winninger v. State ex rel Department of Social Services, 32086 (La.App.2d Cir.8/18/99), 740 So.2d 236, writ denied, 99-C-2725 (La.11/24/99), 750 So.2d 990. At the same time, we would reject any argument that venue was proper in Richland Parish merely because Winston happened to be incarcerated in that parish when he filed his lawsuit. We further observe that, as a practical matter, this litigation has virtually no connection whatsoever with Richland Parish, and the plaintiff is no longer even incarcerated in that parish.

NEW TRIAL
Winston made assertions concerning undue influence and conflict of interest in a motion for a new trial filed in the trial court on June 2, 2000. However, the motion for new trial was filed subsequent to April 10, 2000, when Winston had moved for and the trial court had granted him an appeal of the court's venue/forum non conveniens ruling. Under the provisions of Article 2088 of the Louisiana Code of Civil Procedure, the jurisdiction of the trial court over all matters addressed in that judgment was divested on April 10, 2000, and the trial court no longer had jurisdiction to consider them. See Johnson v. Johnson, 473 So.2d 112 (La.App. 3rd Cir. 1985). Thus, there was no error in the trial court refusing to grant an extension of time to file a motion for new trial on the issue of improper venue. We also note, parenthetically, that Winston put on no evidence at the hearing concerning bias, prejudice, or conflict of interest.

CONCLUSION
For the reasons set forth above, both writ applications are denied because the judgment of the trial court is correct.[1]
AFFIRMED.

*372 APPLICATION FOR REHEARING
Before BROWN, WILLIAMS, GASKINS, KOSTELKA, and DREW, JJ.
Rehearing denied.
NOTES
[1] Because the Court has ruled on the merits of these writs based on a full review of the complete record, and because we have considered the issues through our supervisory jurisdiction, rather than pursuant to appellate jurisdiction, applicant's request for an extension of time to file an appellate brief is moot and is denied.