823 So.2d 1103 (2002)
John Davis COLQUITT, Plaintiff-Appellant,
v.
CLAIBORNE PARISH LOUISIANA, et al., Defendants-Appellees.
No. 36,260-CA.
Court of Appeal of Louisiana, Second Circuit.
August 14, 2002.
*1104 Before BROWN, STEWART and PEATROSS, JJ.
STEWART, J.
In a petition dated January 11, 2002, plaintiff, John D. Colquitt, sought $500,000 in damages from District Attorney Walter E. May, Jr., as well as an immediate release from prison. Acting pursuant to the Prison Litigation Relief Act (PLRA), the trial court dismissed Colquitt's petition for failure to state a claim upon which relief could be granted, and denied Colquitt's motion to proceed in forma pauperis. Additionally, the court ordered that any future civil action submitted by Colquitt to the Claiborne Parish Clerk of Court be rejected unless Colquitt pays an advance deposit for court costs. This appeal followed. For the reasons set forth below, we affirm the dismissal of the petition, but vacate that portion of the judgment concerning Colquitt's ability to file in forma pauperis.

FACTS
In written reasons for judgment, the trial court correctly noted that Colquitt, a state prisoner serving a 10 year hard labor sentence, claimed that he was denied his right to a speedy trial, and claimed that the bill of information was filed 17 months after his arrest, beyond the limitations provided in La.C.Cr.P. art. 701. The trial *1105 court also noted that Colquitt's post-conviction claims for release on this basis had been denied, and that in his current civil suit Colquitt again alleged these matters as a basis for suing Walter May, Jr., the District Attorney for the Second Judicial District.
The trial court concluded that because Colquitt was alleging that the actions of a government official had adversely affected his life as a person confined to prison, Colquitt's civil suit was governed by the provisions of the PLRA, La. R.S. 15:1181-1190. The trial court observed that Section 1188(A) of the PLRA requires judicial screening before docketing of civil suits filed by prisoners, and after performing the statutorily mandated review of Colquitt's petition, the court found that Colquitt failed to state a claim upon which relief could be granted.
Although the court had already noted that Colquitt's claims were previously denied in post-conviction pleadings, the court reviewed the reasons why Colquitt's claims were meritless. The court then proceeded to find that Colquitt's petition should not be filed in forma pauperis as requested because, although Colquitt had submitted the necessary documentation with this particular suit, Section 1187 of the PLRA authorizes a court to prohibit a prisoner from filing a civil action in forma pauperis if that prisoner has filed, while incarcerated, on three or more occasions, actions in state court that were dismissed for failure to state a cause of action or to state a claim upon which relief can be granted. The court found that the records of Claiborne Parish showed that the provisions of Section 1187 had been satisfied with respect to Colquitt, and that Colquitt had been advised previously of the court's authority under that section to deny future requests to proceed in forma pauperis. The court then advised Colquitt once more of the provisions of La. R.S. 15:1187, advised Colquitt that he had filed at least five civil actions in Claiborne Parish that had been dismissed on the grounds of failure to state a cause of action or failure to state a claim upon which relief could be granted, and advised Colquitt that he would not be allowed to file any future civil actions without submitting advance payment for court costs.

DISCUSSION
The failure of a petition to disclose a cause of action may be noticed by either the trial court or appellate court on its own motion. La. C.C.P. art. 927(B). In ruling on an exception of no cause of action, the court is limited to the face of the pleadings, and well-pleaded facts in the petition must be accepted as true. Grocery Supply Co. v. Winterton Food Stores, 31,114 (La. App.2d Cir.12/9/98), 722 So.2d 94.
Even when we accept the allegations of Colquitt's petition as true with respect to speedy trial and the validity of the bill of information, it is plain that these are matters that should be addressed through post-conviction relief, and not through a petition in damages against the district attorney. Furthermore, to the extent that Colquitt's petition is seeking damages for improper acts by the district attorney, we note that acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the state, are entitled to prosecutorial immunity that has been termed absolute. See Connor v. Reeves, 26,419 (La.App.2d Cir.1/25/95), 649 So.2d 803. Accordingly, notwithstanding the trial court's observation that the claims set forth in Colquitt's petition have already been denied in post-conviction pleadings as meritless, we observe that Colquitt's petition does not state a cause of action *1106 against the district attorney for damages and does not state a cause of action that would entitle him to release from incarceration. A violation of La.C.Cr.P. art. 701 merely authorizes a pre-trial release and the issue of pre-trial release becomes moot after a defendant is tried and convicted of an offense. State v. Outley, 629 So.2d 1243 (La.App. 2d Cir.1993).
For the reasons set forth above, we affirm that portion of the trial court's judgment dismissing Colquitt's claims. However, for the reasons which follow, we must vacate that portion of the trial court's judgment concerning Colquitt's ability to file in forma pauperis.
The provisions of La. R.S. 15:1187 state:
In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding in forma pauperis if the prisoner has, on three or more prior occasions while incarcerated or detained in any facility, brought an action or appeal in a state court that was dismissed on the grounds that it was frivolous, was malicious, failed to state a cause of action, or failed to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.
In Frederick v. Ieyoub, 99-0616 (La. App. 1st Cir.5/12/00), 762 So.2d 144, an inmate brought an action against the attorney general to challenge the constitutionality of a statute requiring parole supervision during good time release. The trial court dismissed the plaintiff's petition with prejudice and ordered the judgment to be considered a "strike" under the provisions of La. R.S. 15:1187. The appellate court reversed that portion of the trial court's judgment that assessed a "strike" against the plaintiff, determining that the PLRA did not apply to the plaintiffs suit. The court reasoned:
The legislative intent of enacting the PLRA and the definition section of the act create, at the very least, an ambiguity as to whether the sanction provisions in La. R.S. 15:1187 are to apply to all civil actions filed by prisoners who are incarcerated or detained, or just to those civil actions that challenge a condition of their confinement or the effects of actions by government officials on their lives. Furthermore, statutes that authorize the imposition of penalties or sanctions are penal in nature and are to be strictly construed.
Frederick, supra at 150.
Following the reasoning of the court in Frederick, supra, we conclude that the PLRA does not apply to Colquitt's suit against the district attorney. While the provisions of La. R.S. 15:1184(B) do allow a court on its own motion to dismiss any prisoner's suit if the court is satisfied that the action is frivolous, is malicious, fails to state a cause of action, seeks monetary relief from a defendant who is immune from such relief, or fails to state a claim upon which relief can be granted, the PLRA defines "civil action with respect to prison conditions" or "prisoner's suit" to mean:
Any civil proceeding with respect to the conditions of confinement or the effects of actions by government officials on the lives of persons confined in prison, but does not include post-conviction relief or habeas corpus proceedings challenging the fact or duration of confinement in prison.
La. R.S. 15:1181(2).

CONCLUSION
Colquitt's civil action concerns neither the conditions of his confinement, nor the effects of actions by the district attorney on his life as a person confined in prison. Instead, Colquitt's civil action concerns *1107 matters that should be the subject of post-conviction relief, and concerns the fact or duration of his confinement in prison. Accordingly, because the instant case is not a proper vehicle for assessing whether or not Colquitt has used all of his "three strikes," we hereby vacate that portion of the trial court's judgment concerning Colquitt's ability to file in forma pauperis.
AFFIRMED IN PART; VACATED IN PART.