|jWILLIAMS, J.
In this medical malpractice action brought by inmate John Poullard against LSU Medical Center — E.A. Conway Hospital (LSU) and Dr. M. Pittman, the trial court sustained the defendants’ declinatory *311 exception of improper venue and transferred the plaintiffs suit to the Second Judicial District Court, Parish of Claiborne. For the following reasons, the trial court’s judgment is reversed and the case is remanded to the Fourth Judicial District Court, Parish of Ouachita.
FACTS
On February 18, 2004, John Poullard filed suit against Dr. Pittman and LSU asserting malpractice in connection with Poullard’s treatment at LSU in Monroe, Louisiana. Poullard, who is an inmate at the David Wade Correctional Center -in Claiborne Parish, Louisiana, had been taken to LSU for treatment, rather than receiving medical treatment at the prison.
On June 18, 2004, Dr. Pittman and LSU filed an exception of improper venue asserting that under the provisions of LSA-R.S. 15:1184, exclusive venue for a tort action by a prisoner is the parish where the prisoner was incarcerated when the cause of action arose. Accordingly, because Poullard was incarcerated in Claiborne Parish at the time of the alleged malpractice, defendants allege that the suit was improperly filed in Ouachita Parish.
In opposition to the exception, Poullard cited Winston v. Martin, 34,200 (La.App.2d Cir.7/6/02), 764 So.2d 368, for the proposition that the statutory provisions at issue apply strictly to causes of action against the Louisiana Department of Public Safety and Corrections or its employees, |2and do not apply to individuals who are not employees of the Louisiana Department of Public Safety and Corrections. Poullard also argued that the provisions of LSA-R.S. 15:1184 would be unconstitutional if applied to his suit, and that under the provisions making the exclusive venue for delictual actions by a prisoner “the parish where the prison is situated to which the prisoner was assigned when the cause of action arose,” Poullard’s action still should be brought in Ouachita Parish because he was “assigned” to the hospital prison ward bullpen when his cause of action arose.
In response to Poullard’s opposition, the defendants argued that Winston, supra, in which an inmate’s suit against court clerks had been transferred on venue grounds, was distinguishable because its holding was’ based on the. provisions of LSA-R.S. 15:1177, and not LSA-R.S. 15:1184. Furthermore, defendants argued that . the plaintiff in Winston was no longer incarcerated at the time of the appeal, so that he no longer had any connection with the parish where he had been incarcerated, whereas Poullard was still incarcerated in the same parish to which he was assigned when his claim arose. Finally, defendants argued that the exclusive venue provisions of LSA-R.S. 15:1184 were enacted after the Winston case was decided. As for Poullard’s argument about being “assigned” to the hospital, defendants correctly pointed out that the statute addressed the parish where the prison was situated, that the hospital was not a prison, and that transporting Poullard to the hospital for treatment did not change the fact that he was incarcerated at David Wade Correctional Center in Claiborne Parish.
[ 3When the venue exception came on for hearing on April 23, 2004, the trial court heard the parties’ arguments and concluded that the exception of venue should be granted. The court noted that the provisions of LSA-R.S. 15:1184 clearly state that the exclusive venue for tort actions for a prisoner is the parish where the prisoner was incarcerated at the time the cause of action arose.
DISCUSSION
On appeal, Poullard asserts two errors on the part of the district court: (1) the provisions of LSA-R.S. 15:1184(F) un *312 constitutionally deprive and divest the district court of its jurisdiction; and (2) the district court erroneously granted the defendants’ exception of improper venue in this case. Because we find merit in the second assignment of error, we find it unnecessary to address the first assignment of error.
LSA-R.S. 15:1184(F) states: ■
The exclusive venue for delictual- actions for injury or damages shall be the parish where the prison is situated to which the prisoner was assigned when the cause of action arose. Upon consent of all parties, the court may transfer the suit to a parish in which venue would otherwise be proper.
The above-quoted provision, when read in isolation, supports the trial court’s grant of the exception of improper venue in this case. However, the provision cannot be read in isolation, but must be read in the context of the Prison Litigation Reform Act (PLRA), LSA-R.S. 15:1181-1191. In LSA-R.S. 15:1181(2), “civil action with respect to prison conditions” or “prisoner suit” is defined as:
Any civil proceeding with respect to the conditions of confinement or the effects of actions by government officials Lon the lives of persons confined in prison, but does not include post-conviction relief or habeas corpus proceedings challenging the fact or duration of confinement in prison.
The next section of the Act, Section 1182, addresses appropriate remedies with respect to prison conditions, while Section 1183 addresses court appointment of experts “in any prisonér suit.” These sections obviously are concerned with the prisoner actions defined in Section 1181(2), not ordinary civil proceedings that do not concern conditions of confinement or the effects of actions by government officials on the lives of persons confined in prison. Furthermore, the title of Section 1184 is “Suits by Prisoners,” thus indicating that the contents of that section also address only those lawsuits that fit the definition of a “prisoner suit” under Section 1181(2).
Reading Section 1184(F) in context leads to the conclusion that the exclusive venue provision for delictual actions for injury or damages is intended only to address those delictual actions concerning conditions of confinement or the effects of actions by governmental officials on the lives of persons confined in prison. Thus, an ordinary malpractice action brought against LSU or a physician working at LSU falls outside the scope of the exclusive venue provision. Neither the hospital nor the doctor are governmental officials whose actions affect the lives of persons confined in prison, and a malpractice action for treatment received at the hospital is not an action with respect to the conditions of confinement in prison.
In Colquitt v. Claiborne Parish Louisiana, 36,260 (La.App.2d Cir.8/14/02), 823 So.2d 1103, an inmate filed suit against the district attorney alleging violations of the speedy trial statute and seeking damages and | ¿release from prison. Although we determined that the inmate’s petition failed to state a claim upon which relief could be granted, we also were required to address that portion of the trial court judgment which ordered that the prisoner not be allowed to proceed in forma pauper-is in future civil actions. This latter portion of the judgment was based on LSA-R.S. 15:1187 which includes a “three strikes” rule prohibiting a prisoner from proceeding in forma pauperis “in a civil action or proceeding” if the prisoner, on three or more occasions while incarcerated or detained in any facility, has brought an action or appeal in a state court that was dismissed on the grounds that it was frivolous, malicious, failed to state a cause of *313 action, or failed to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury. If read in isolation, the “three strikes” provision also seems to apply to all civil actions and appeals brought by prisoners in a state court. However, in Colquitt, we held that this provision of the PLRA did not apply to the inmate’s suit because the civil action concerned neither the conditions of his confinement, nor the effects of actions by the district attorney on the inmate’s life as a person confined in prison. We noted not only the definition in Section 1181(2), but also the first circuit’s similar holding in Frederick v. Ieyoub, 99-0616 (La.App. 1st Cir.5/12/00), 762 So.2d 144. Thus, our reasoning in Colquitt, supra, supports our holding herein.
^CONCLUSION
For the reasons set forth above, the judgment of the trial court is hereby reversed, and the case is remanded to the Fourth Judicial District Court, Parish of Ouachita, for further proceedings.
REVERSED AND REMANDED.