STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

11-257

TIMOTHY HUGH QUEEN

VERSUS

O. S. NUGENT

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2010-1445
HONORABLE DAVID KENT SAVOIE, DISTRICT JUDGE

**********

ULYSSES GENE THIBODEAUX
CHIEF JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Marc T. Amy, and Phyllis M. Keaty, Judges.

AFFIRMED.

Robert C. McCorquodale
In-House Counsel
Calcasieu Parish Sheriff's Office
P. O. Box 2185
Lake Charles, LA 70602
Telephone: (337) 491-3622
COUNSEL FOR:
    Defendant/Appellee - O. S. Nugent, Asst. Warden

Timothy Hugh Queen
In Proper Person
Calcasieu Correctional Center
P. O. Box 2017
Lake Charles, LA 70602
    Plaintiff/Appellant

**THIBODEAUX, Chief Judge.**

A pre-trial detainee in the Calcasieu Parish Correctional Facilities ("CPCF"), Timothy Hugh Queen ("Queen"), appeals the judgment of the trial court granting the peremptory exception of no cause of action filed by Assistant Warden O. S. Nugent ("Defendant"), an employee of the Calcasieu Parish Sheriff's Office. The exception asserted that Queen did not have a cause of action to review an administrative disciplinary decision made by a facility that is not part of the Department of Public Safety and Corrections ("DOC"). We affirm.

## I.

## ISSUE

We must decide whether the trial court erred in granting the peremptory exception of no cause of action.

## II.

## FACTS AND PROCEDURAL HISTORY

Queen is housed in the CPCF awaiting trial. The CPCF is operated by the Calcasieu Parish Sheriff ("Sheriff"). While at the CPCF, Queen was served with a disciplinary report, alleging he participated in a telephone scam. Queen went through an administrative proceeding and was disciplined. Queen appealed the disciplinary board's ruling to the Fourteenth Judicial District Court.

Defendant filed an exception of no cause of action, which was granted by the trial court. Queen now appeals the trial court's judgment.

## III.

## LAW AND DISCUSSION

### Standard of Review

We review a judgment granting a peremptory exception of no cause of action de novo. It requires a determination of "whether the law affords a remedy

on the facts alleged in the pleading." *Ramey v. DeCaire*, 03-1299, p. 7 (La. 3/19/04), 869 So.2d 114, 118. The "pertinent question is whether, in the light most favorable to plaintiff and with every doubt resolved in plaintiff's behalf, the petition states any valid cause of action for relief." *Id.* at 119 (citation omitted).

**Discussion**

Queen contends that the trial court erred in granting the exception of no cause of action. Specifically, Queen contends the trial court erred in finding that he was not entitled to judicial review under La.R.S. 15:1177.

Defendant argues that Queen has no cause of action to challenge the administrative proceeding because at all relevant times, he was a parish pre-trial inmate and not a DOC inmate. Defendant contends that La.R.S. 15:1177 provides only for review of "an adverse decision . . . by the Department of Public Safety and Corrections or a contractor operating a private prison facility." La.R.S. 15:1177(A). We agree.

While La.R.S. 15:1177 mentions inmates in the custody of the sheriff, it does not provide for judicial review of sheriffs' procedures. Moreover, the statute is clear that the DOC is the only proper party defendant for such actions. La.R.S. 15:1177(A)(1)(b). Queen, however, names Assistant Warden Nugent as the defendant. Our colleagues in the second circuit specifically addressed the issue of the proper party defendant in *Winston v. Martin*, 34,195, 34,200, p. 4 (La.App. 2 Cir. 9/21/00), 764 So.2d 368, 371:

> Both the title of the act, as well as the provisions of R.S. 15:1177, show that the provisions apply strictly to causes of action against the State of Louisiana, Department of Public Safety and Corrections, or its employees. And while the kinds of complaints and grievances falling under these provisions are broad in scope, the provisions plainly do not apply to individuals who are not employees of the Louisiana Department of Public Safety and Corrections.

2

In further support of his position, Queen argues that La.R.S. 15:1177 defines "offender" in such a way as to bring him under the purview of the statute. Even if this were the case, it does not mean he is entitled to judicial review under La.R.S. 15:1177. We recognize that the first circuit reached a contrary conclusion, stating:

> [T]his interpretation, which if carried to its logical conclusion seems to imply that some inmates housed in parish prisons are governed by the Department of Corrections' administrative remedy procedure and others in the same facility are governed by the Parish Prison's procedure. We believe that the statute, while clumsily phrased, does provide for judicial review of an adverse decision "rendered pursuant to *any administrative remedy procedure* under [the CARP]," including procedures adopted by sheriffs. LSA 15:1177(A) (emphasis added).

*Spooner v. E. Baton Rouge Parish Sheriff Dep't*, 01-2663, p. 6 (La.App. 1 Cir. 11/8/02), 835 So.2d 709, 713. We disagree with the first circuit's reasoning.

Moreover, a complete review of the record indicates that Queen has no valid cause of action for his underlying claim, regardless of the statute referenced or the terminology applied. Louisiana Revised Statutes 15:1177 is referenced on the standard form Queen used to complete his petition for judicial review. His handwritten request for oral argument also references La.R.S. 15:1177 but indicates that Queen is challenging judicial review of Defendant's administrative decisions leading to Queen's subsequent punishment.

It is clear that Queen does not have a cause of action under La.R.S. 15:1177 because the statute provides only for review of an adverse decision by the DOC or a contractor operating a private prison facility. Nevertheless, given Queen's status as a *pro se* litigant, we consider whether he otherwise stated a valid cause of action. "[A] *pro se* litigant who lacks formal training in the law and its rules of procedure . . . should be allotted more latitude than those plaintiffs represented by counsel." *Brooks v. Tradesmen Int'l, Inc.*, 03-1871, p. 5 (La.App. 4

Cir. 9/1/04), 883 So.2d 444, 447, *writ denied*, 04-2432 (La. 12/10/04), 888 So.2d 843.

In *Queen v. Tete*, an unpublished opinion bearing docket number 10-1435, pp. 2-3 (La.App. 3 Cir. 6/22/11), this court stated:

> Review of correctional institutions' administrative and disciplinary decisions are governed by Title 15, Part XV, Chapter 7 of the Louisiana Revised Statutes. Review of sheriffs' administrative decisions are governed by La.R.S. 15:1171. Louisiana Revised Statutes 15:1171 allows a sheriff to adopt an administrative remedy procedure for receiving, hearing, and disposing of any and all complaints and grievances by adult or juvenile offenders against a sheriff or a sheriff's staff. It further provides that the administrative procedures are the exclusive remedy available to the offender for all complaints and grievances, except in tort actions. *See Pope v. State*, 99-2559 (La. 6/29/01), 792 So.2d 713.

Because Queen does not assert a tort-based claim, his sole remedy, pursuant to La.R.S. 15:1171, is to follow the administrative proceedings set forth by the Sheriff for the CPCF.[1] He is barred from seeking judicial review of Defendant's administrative proceedings in district court.

Accordingly, we find no error in the trial court's judgment granting the exception of no cause of action in favor of Defendant.

IV.

## CONCLUSION

For the reasons articulated above, we affirm the judgment of the trial court.

**AFFIRMED.**

---

[1]We entertain serious concerns about the frivolous nature of Queen's appeal given that he has stubbornly pursued nearly identical claims on two previous occasions. Defendant, however, failed to answer and seek damages against Queen.

4