STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

**12-430**


LARRY ALLEN, ET AL.

VERSUS

**STATE OF LOUISIANA, DEPARTMENT OF PUBLIC SAFETY & CORRECTIONS, ET AL.**


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 2009-4146-B
HONORABLE WILLIAM BENNETT, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**MARC T. AMY**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Marc T. Amy, and J. David Painter, Judges.


                                                                    **AFFIRMED.**



**James E. Calhoun**
**Assistant Attorney General**
**Victoria R. Murry**
**Assistant Attorney General**
**Leanne Broussard**
**Post Office Box 1710**
**Alexandria, LA  71308-1710**
**(318) 487-5944**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **Office of Risk Management**
    **State of Louisiana, Department of Public Safety and Corrections**
    **Terry J. Bordelon**

**Otha Curtis Nelson, Sr.**
**Nelson & Nelson, L.L.P.**
**1606 Scenic Highway**
**Baton Rouge, LA   70802**
**(225) 383-3675**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
　　**Larry Allen, et al.**

**Daniel G. Brenner**
**R. Preston Mansour, Jr.**
**Bolen, Parker, Brenner, Lee & Engelsman, LTD.**
**Post Office Box 11590**
**Alexandria, LA   71315-1590**
**(318) 445-8236**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
　　**John Doe, Deputy, Rapides Parish**
　　**Charles F. Wagner, Jr., Sheriff, Rapides Parish**

**AMY, Judge.**

The plaintiffs filed suit, initially against the Department of Public Safety and Corrections as well as one of its employees, alleging that the employee was negligent in causing an automobile accident and that the plaintiffs suffered damages as a result. After the plaintiffs amended their suit to name the Rapides Parish Sheriff and an unknown deputy as defendants, the defendants filed an exception of prescription and an exception of improper venue. The trial court granted the exception of prescription as to four of the five plaintiffs and dismissed those plaintiffs' claims against all defendants. Further, the trial court granted the exception of improper venue and ordered that the remaining plaintiffs' claims be transferred. The plaintiffs appeal. For the following reasons, we affirm.

### Factual and Procedural Background

The record indicates that the plaintiffs in this case, Larry Allen, Victor Jones, Evan Peter Roy, Fred Allen Wesley, and Maurice Johndell Wright, are all inmates in the custody of the Louisiana Department of Public Safety and Corrections (DPSC) at the Avoyelles Correctional Center. According to the petition, on January 9, 2007, the plaintiffs were passengers in a van owned by DPSC and driven by one of its employees, Terry Bordelon (the "State defendants"). The plaintiffs allege that Mr. Bordelon negligently drove the van off the roadway, striking two mailboxes. As a result, the plaintiffs allege that they received physical injuries and that the State defendants failed to ensure adequate medical treatment of those injuries.

On January 9, 2008, the plaintiffs filed suit in East Baton Rouge Parish. The record indicates that DPSC was served through the Attorney General's office on January 22, 2008 and Mr. Bordelon was served via domiciliary service on January 24, 2008. Thereafter, the State defendants filed exceptions of improper venue and prematurity, alleging that La.R.S. 15:1184(F) requires that prisoner suits be filed in

"the parish where the prison is situated to which the prisoner was assigned when the cause of action arose." After a hearing, the East Baton Rouge Parish trial court granted the exception of improper venue and ordered that the case be transferred to Avoyelles Parish.

The State defendants filed their answer, asserting that an unknown Rapides Parish Sheriff's deputy made a sudden U-turn causing traffic to stop suddenly and placing the defendants' van in a position of imminent peril. The plaintiffs subsequently filed a supplemental and amended petition, adding Charles Wagner, the Sheriff of Rapides Parish, and a John Doe deputy sheriff (the "Rapides defendants") as defendants.

Thereafter, the State defendants filed exceptions of lack of subject matter jurisdiction and prescription. In response, the plaintiffs filed a supplemental and amended petition asserting that the Corrections Administrative Remedy Procedure (CARP), La.R.S. 15:1171—1179, is unconstitutional. The plaintiffs asserted that this amendment removed any objection to their suit. Further, the Rapides Parish defendants filed another exception of improper venue, asserting that pursuant to La.R.S. 13:5104(B), suits against political subdivisions must be filed in the parish where the subdivision is located.

After hearings on the exception of prescription and exception of improper venue, the trial court found that with the exception of the claims of Evan Peter Roy the plaintiffs' claims had prescribed. Further finding that the claims against the Rapides Parish defendants must be heard in Rapides Parish, the trial court ordered the remaining plaintiff's claims transferred to that parish.

The plaintiffs now appeal, asserting that the trial court erred in granting the exception of prescription.[1]

**Discussion**

*Prescription & Improper Venue*

The exception of prescription is a peremptory exception which may be "pleaded at any stage of the proceeding in the trial court prior to a submission of the case for a decision[.]" La.Code Civ.P. arts. 927 and 928. The party asserting the exception typically bears the burden of proof at the trial of the peremptory exception. *Carter v. Haygood*, 04-646 (La. 1/19/05), 892 So.2d 1261. Further, if evidence is introduced at the hearing on the exception of prescription, the district court's factual findings are reviewed under the manifest error-clearly wrong standard of review. *Id.* (citing *Stobart v. State, Through DOTD*, 617 So.2d 880 (La.1993)).

"Delictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained." La.Civ.Code art. 3492. However, "[p]rescription is interrupted when . . . the obligee commences action against the obligor, in a court of competent jurisdiction and venue. If action is commenced in an incompetent court, or in an improper venue, prescription is interrupted only as to a defendant served by process within the prescriptive period." La.Civ.Code art. 3462. In their petition, the plaintiffs allege that they were injured in an automobile accident that occurred on January 9, 2007. Accordingly, they had one year from that date to file suit.

Initially, on January 9, 2008, the plaintiffs filed suit against the State defendants in East Baton Rouge Parish. *See* La.R.S. 13:5104(A). However, the State defendants filed an exception of improper venue, alleging that venue was only appropriate in

---

[1] The plaintiffs do not assign as error the trial court's grant of the exception of improper venue and subsequent transfer of the case to Rapides Parish. Accordingly, that issue will not be addressed herein. Uniform Rules—Courts of Appeal, Rule 1-3.

Avoyelles Parish pursuant to the Prison Litigation Reform Act (PLRA), La.R.S. 15:1181—1191. After a hearing, the East Baton Rouge trial court granted the exception and transferred the case to Avoyelles Parish.

Louisiana Revised Statutes 15:1184(F) provides, in part, that "[t]he exclusive venue for delictual actions for injury or damages shall be the parish where the prison is situated to which the prisoner was assigned when the cause of action arose." We observe, however, that La.R.S. 15:1184(F) must be read within the context of the PLRA, which defines a "[c]ivil action with respect to prison conditions" or "prisoner suit" as "any civil proceeding with respect to the conditions of confinement or the effects of actions by government officials on the lives of persons confined in prison, but does not include post conviction relief or habeas corpus proceedings challenging the fact or duration of confinement in prison." La.R.S. 15:1181(2).

Here, the plaintiffs seek damages in tort for injuries they suffered as a result of the alleged negligence of Mr. Bergeron, an employee of DPSC. "Under the post-*Pope* [*v. State*, 99-2259 (La. 6/29/01), 792 So.2d 713] statutory scheme, all complaints and grievances, including traditional tort claims seeking monetary relief, are subject to administrative procedures." *Wood v. Martin*, 37,856, p. 5 (La.App. 2 Cir. 12/10/03), 862 So.2d 1057, 1060.[2] *See also* La.R.S. 15:1172 and La.R.S. 15:1184. Further, the

---

[2] In *Pope*, 792 So.2d 713, the supreme court held that portions of CARP were unconstitutional as they deprived the trial court of original jurisdiction in tort actions. Thereafter, the legislature enacted 2002 La. Acts, 1st Extraordinary Session, No. 89 (Act 89), which, in part, amended La.R.S. 15:1172 and La.R.S. 15:1184 to:

> provide with respect to the initiation and limitation of administrative remedies; . . . to provide liberative prescription for certain actions; to provide for judicial review; to exempt delictual actions from judicial review under the Corrections Administrative Remedy Procedure Act; to provide proper venue for prisoner suits; . . . and to provide for related matters.

In *Cheron v. LCS Corr. Servs.*, 04-703, p. 10 (La. 1/19/05), 891 So.2d 1250, 1257, the supreme court, in addressing whether the provisions of Act 89 applied retroactively to an inmate's negligence action, stated that "[DPSC] has instituted a two-step system of review to address inmates' formal grievances. If dissatisfied, the inmate pursing a tort claim may file suit in district court. Thus, original jurisdiction of tort claims following Act 89 remains with the district court."

plaintiffs contend that the State defendants failed to provide them with proper medical care. We find that this claim relates to the plaintiffs' "conditions of confinement." La.R.S. 15:1181(2).[3] Accordingly, transfer of venue under the PLRA was proper.

The record indicates that, although the plaintiffs initially filed suit on January 9, 2008, DPSC was not served until January 22, 2008 and Mr. Bordelon was not served until January 24, 2008. Thus, because the defendants were not served within the prescriptive period, the filing of suit in an improper venue failed to interrupt prescription. La.Civ.Code art. 3462. Accordingly, with regard to plaintiffs Larry Allen, Victor Jones, Fred Allen Wesley, and Maurice Johntrell Wright, because the State defendants were not served until after the prescriptive period for delictual actions had run, their claims had prescribed. *See also Charles v. First Fin. Ins. Co.*, 97-1185 (La.App. 3 Cir. 3/6/98), 709 So.2d 999, *writ denied*, 98-933 (La. 5/15/98), 719 So.2d 466.

However, the parties concede that one plaintiff, Evan Peter Roy, pursued his administrative remedies pursuant to CARP. Accordingly, the prescriptive period for his cause of action was suspended from the time he filed his grievance until a final agency decision was rendered. La.R.S. 15:1172(E). In its reasons for ruling, the trial court states that a final agency decision was rendered with regard to Roy's grievance on April 4, 2007. Accordingly, Mr. Roy's claims have not prescribed.

---

*See also Mosley v. Louisiana Dept. of Pub. Safety & Corr.*, 07-1501 (La.App. 3 Cir. 4/2/08), 980 So.2d 836; *Gray v. State*, 05-617 (La.App. 3 Cir. 2/15/06), 923 So.2d 812.

[3] *Compare Zeitoun v. City of New Orleans*, 11-479 (La.App. 4 Cir. 12/7/11), 81 So.3d 66 (In the context of an improper cumulation of actions exception, finding that an inmate's suit alleging, in part, lack of medical care, was a prisoner suit pursuant to the PLRA.), *writ denied*, 12-426 (La. 4/9/12), 85 So.3d 704, *with Poullard v. Pittman*, 39,549 (La.App. 2 Cir. 4/13/05), 900 So.2d 310 (An inmate's medical malpractice action against treating doctor and hospital was not subject to the PLRA), *writ denied*, 05-1507 (La. 1/13/06), 920 So.2d 237.

5

*Addition of the Constitutionality Claims*

The plaintiffs contend that, even if their claims had prescribed, that deficiency was cured by filing their second supplemental and amended petition, which alleges that CARP is unconstitutional "because it deprives [the plaintiffs] of due process of law and the equal protection of law that other guest passengers involved in an automobile accident have the legal right to file a petition for damages in tort under the provisions of" La.Civ.Code art. 2315. The plaintiffs also point to La.Code Civ.P. art. 934, which permits amendment of the petition after a peremptory exception is sustained in order to cure the basis for the objection.

Unlike the typical assertion that a claim made in an amended petition pursuant to La.Code Civ.P. art. 1153 relates back to claims made in a previous timely filed petition, *see Bethea v. Modern Biomedical Servs., Inc.*, 97-332 (La.App. 3 Cir. 11/19/97), 704 So.2d 1227, *writs denied*, 97-3169, 97-3170 (La. 2/13/98), 709 So.2d 760-61, the plaintiffs claim that their amended petition cures the defects in their *untimely* filed petition by alleging a new constitutionality claim. However, "an untimely filed original petition does not support the relation-back of a new cause of action[.]" *Smith v. Cutter Biological Servs.*, 99-2068, p. 37 (La.App. 4 Cir. 9/6/00), 770 So.2d 392, 413.

The Rapides defendants, in brief, contend that even if CARP is unconstitutional, "it does not change the fact that plaintiffs' claim has prescribed. Even without [CARP], Larry Allen, Victor Jones, Fred Allen, and Maurice Johndell Wright filed their cause of action in a court [of] improper venue and did not serve a single defendant within the prescriptive period. Here, an unconstitutional statute would not extend the prescriptive period."

In this case, the plaintiffs' claims prescribed because they filed suit in an improper venue pursuant to La.R.S. 15:1184(F) and failed to serve the defendants

6

prior to the expiration of the prescriptive period for delictual actions found in La.Civ.Code art. 3492, not because the administrative procedures delineated in CARP, La.R.S. 15:1171—1179, allegedly deprive them of the right to file a petition for damages in tort. To the contrary, La.R.S. 15:1177(C) states that "[t]his Section shall not apply to delictual actions for injury or damages, however styled or captioned. Delictual actions for injury or damages shall be filed separately as original civil actions." *See also Todd v. Tate*, 04-2754 (La.App. 1 Cir. 12/22/05), 928 So.2d 113, *writ denied*, 06-158 (La. 4/26/06), 926 So.2d 542 (finding no error in the trial court's grant of exceptions of improper venue and prescription where the plaintiff attempted to cure a defect as to venue, and thus revive his delictual action, by adding his uninsured motorist insurer as a defendant).

Accordingly, we find no error in the trial court's grant of the exception of prescription.

**DECREE**

For the foregoing reasons, we affirm the January 18, 2012 judgment of the trial court. Costs of this appeal are allocated to the plaintiffs, Larry Allen, Victor Jones, Evan Peter Roy, Fred Allen Wesley, and Maurice Johndell Wright.

**AFFIRMED.**