GARRETT, J.
h Relatives of an inmate who allegedly died due to lack of medical care originally filed suit in Lincoln Parish against the private companies managing the prison where he was incarcerated. Following an exception of improper venue, the suit was transferred to Ouachita Parish, where the prison was located. The defendants then filed an exception of prescription, which was denied by the trial court. The defendants filed a writ application in this court, which granted it to docket. The writ is now granted and made peremptory. We reverse the trial court judgment, grant the exception of prescription, and dismiss the plaintiffs’ suit.
FACTUAL AND PROCEDURAL BACKGROUND
According to the facts alleged-in this record, Derrick Williams, an inmate at the Richwood Correctional Center, was found unresponsive at that facility on January 23, 2014, and pronounced dead upon his transfer to University Health Conway in Monroe.
On January 23, 2015,[1] the plaintiffs— Williams’ mother and children—filed a petition for damages in Lincoln Parish against the LaSalle Correctional Center, LLC (“LaSalle”), d/b/a Richwood Correctional Center, and its unknown insurer. Their petition asserted that LaSalle was a foreign corporation doing business in Ru-sten, whose agent for service of process was located in Rusten, which is in Lincoln Parish. The plaintiffs alleged that Williams had complained of chest discomfort, headaches, and pain for about one month before his death, but the defendants failed to provide him with |2timely and adequate medical care and treatment. The suit was served on the defendants’ agent for service of process in Lincoln Parish on January 29, 2015. On June 22, 2015, the plaintiffs *1221 filed an amended petition in which they deleted LaSalle as a defendant, instead naming Richwood Correctional Center, LLC (“Richwood”), as the defendant and alleging the same address and agent for service of process as in the original petition.
In July 2015, LaSalle and Richwood filed an exception of venue, challenging the filing of the suit in Lincoln Parish. They asserted that, under La. R.S. 15:1184(F), the mandatory venue provision of the Prison Litigation Reform Act (“PLRA”), exclusive venue for the suit was in Ouachita Parish, where Richwood Correctional Facility was located and where all alleged torts occurred.[2] They requested that the suit be dismissed without prejudice or, alternatively, transferred to Ouachita Parish for further proceedings.
In opposition to the venue exception, the plaintiffs made the following argument:
Plaintiffs aver that the deceased, Derrick Williams, was an inmate in Richland Correctional Center on January 23, 2014 at the time of his death. Plaintiffs further aver that Richland Correctional Center is located in Monroe, Louisiana. [Plaintiffs concede] that according to LRS 15:1184, proper venue would be proper in Ouachita Parish where the Richland Correctional Center is located. Plaintiffs further aver that if the court decides that the venue in which the [plaintiffs’] action was filed is in fact improper, the plaintiffs [aver] that their claim should not be dismissed, but in fact transferred to the venue that would be proper in the interest of justice. (Emphasis theirs.)
[[Image here]]
IsThe plaintiffs aver that [they] did not knowingly file suit in the wrong venue. The plaintiffs further aver that they filed suit based upon the general rules of venue that pertain to all delictual causes of action. The plaintiffs further aver that this cause of action arises as a result of the death of Derrick Williams, and was not an action brought by him due to any injury that was sustained prior to January 23, 2014. Therefore, [plaintiffs aver] that their cause of action should not be dismissed, but in fact transferred to the venue that would be proper in this matter.
The venue exception was taken up at a hearing on October 9, 2015. Following a status conference, the entire record was introduced into evidence. Finding that each side had done an excellent job presenting its position in writing, the trial court dispensed with oral argument by agreement with the parties. The trial court then granted the venue exception and ordered that, in the interest of justice, the case be transferred to Ouachita Parish. The judgment ordering the transfer was signed on November 16, 2015.
Following the suit’s transfer to Ouachita Parish, Richwood filed answers to both the petition and the amended petition in which it generally denied liability. It further alleged that Williams’ death was caused by his “unknown medieal condition,” hypertensive cardiovascular disease, which was an “Act of God,” for which it was not responsible.
*1222 On April 1, 2016, Richwood and LaSalle filed a peremptory exception of prescription. They contended that the prescriptive period was not interrupted and the plaintiffs’ claims were prescribed on their face because (1) the plaintiffs filed suit in Lincoln Parish, an improper venue, instead of Ouachita Parish, the exclusive venue under La. R.S. 15:1184; and (2) they failed to serve any defendant with process before the one-year prescriptive period expired, which was fatal to their claims under La. C.C. art. 8462. The |4plaintiffs filed an opposition to the exception in which they contended that the courts in Lincoln Parish and Ouachita Parish had concurrent jurisdiction and venue under La. C.C.P. art. 42 and La. R.S. 15:1184(F). As a result, they maintained that the timely filing of their suit in Lincoln Parish interrupted prescription.
At a hearing on July 27, 2016, the trial court denied the exception.[3] It interpreted the second sentence of La. R.S. 15:1184 to mean that other venues could be proper. Consequently, it found that venue was also proper in Lincoln Parish under La. C.C.P. art. 42. Judgment was signed August 8, 2016. Costs were assessed against the defendants.
Richwood and LaSalle filed an application for a supervisory writ in this court, which was granted to docket.
LAW
The PLRA was enacted by Acts 1997, No. 731, § 1, and became effective on July 9, 1997. The purpose of enacting the PLRA was to provide for civil actions with respect to prison conditions. The definition provision of the PLRA, La. R.S. 15:1181, shows that the legislative intent was to provide for civil actions with respect to prison conditions or effects of officials’ actions on prisoners’ lives, as opposed to matters concerning incarceration vel non. McCoy v. State ex rel. Jones, 39,323 (La. App. 2 Cm. 2/17/05), 901 So.2d 1109, writ denied, 2005-0960 (La. 2/3/06), 922 So.2d 1161; Frederick v. Ieyoub, 1999-0616 (La. App. 1 Cir. 5/12/00), 762 So.2d 144, writ denied, 2000-1811 (La. 4/12/01), 789 So.2d 581.
|KLa. R.S. 15:1181 provides the following relevant definitions:
(2) “Civil action with respect to prison conditions” or “prisoner suit” means any civil proceeding with respect to the conditions of confinement or the effects of actions by government officials on the lives of persons confined in prison, but does not include post conviction relief or habeas corpus proceedings challenging the fact or duration of confinement in prison.
(5) “Prison” means any state or local jail, prison, or other correctional facility that incarcerates or detains juveniles or adults accused of, convicted of, sentenced for, or adjudicated delinquent for violations of criminal law.
(6) “Prisoner” means any person subject to incarceration, detention, or admission to any prison who is accused of, convicted of, sentenced for, or adjudicated delinquent for a violation of criminal law or the terms or conditions of parole, probation, pretrial release, or a diversionary program. Status as a “prisoner” is determined as of the time the cause of action arises. Subsequent events, including post trial judicial action or release from custody, shall not affect such status.
The venue provision found in La. R.S. 15:1184(F) states:
*1223 The exclusive venue for delictual actions for injury or damages shall be the parish where the prison is situated to which the prisoner was assigned when the cause of action arose. Upon consent of all parties, the court may transfer the suit to a parish in which venue would otherwise be proper.
The court, on its own motion, may raise an exception of improper venue and transfer a prisoner suit to a court of proper venue or dismiss the suit. See La. R.S. 15:1184(B); Foster v. Louisiana Dep’t of Pub. Safety & Corr., 2012-0358 (La.App. 1 Cir. 11/2/12), 111 So.3d 81. When an action is brought in a court of improper venue, the court may dismiss the action, or in the interest of justice transfer it to a court of proper venue. La. C.C.P. art. 121. See also La. C.C.P. art. 932(B).
In relevant part, La. C.C.P. art. 42, which addresses matters of general venue, states:
The general rules of venue are that an action against:
[[Image here]]
(2) A domestic corporation, a domestic insurer, or a domestic limited liability company shall be brought in the parish where its registered office is located. The general rules of venue provided in
La. C.C.P. art. 42 are subject to the exceptions otherwise provided by law. La. C.C.P. art. 43.
La. C.C. art. 3462 states, in part: “If action is commenced in an incompetent court, or in an improper venue, prescription is interrupted only as to a defendant served by process within the prescriptive period.”
A transfer pursuant to the grant of an exception of venue does not interrupt prescription. Jinright v. Glass, 2006-888 (La.App. 5 Cir. 2/27/07), 954 So.2d 174, writ denied, 2007-0570 (La. 5/4/07), 956 So.2d 618.
DISCUSSION
The defendants contend that the trial court erred in finding that the plaintiffs interrupted prescription by filing their suit in Lincoln Parish. They maintain that, under the exclusive jurisdiction provision in La. R.S. 15:1184(F), suit had to be filed in Ouachita Parish. Furthermore, since service of process was not made within the one-year prescriptive period, the defendants argue that commencement of the suit in Lincoln Parish did not interrupt prescription, as set forth in La. C.C. art. 3462.
The defendants further assert that the PLRA was designed to provide a comprehensive statutory scheme governing all civil actions pertaining to prison conditions and that its definition of “prison” does not exclude facilities operated by private management companies such as themselves. In that context, they contend that the first sentence of La. R.S. 15:1184(F) establishes an exclusive venue which, under the facts of this case, is Ouachita Parish. They claim that the second sentence has no application to |Rthe instant suit because they never consented to litigating in an improper venue.
The plaintiffs claim that a matter of first impression is presented here: whether a prison run by a private corporation is subject to the limited venue clause of the PLRA or is venue proper under the general venue provisions of La. C.C.P. art. 42. They contend that, since the private management companies that operate the prison where Williams was incarcerated have registered offices in Lincoln Parish, venue in Lincoln Parish was proper under La. C.C.P. art. 42. They argue that the PLRA did not contemplate an action arising from the tortious actions of an LLC which was not an agent or subdivision of the state, parish or city. Consequently, they assert that this action should be subject to the *1224 general venue provisions of La. C.C.P. art. 42 governing private corporations. As a result, the plaintiffs maintain Lincoln Parish was a proper venue and filing suit there interrupted prescription.
The plaintiffs also argue that the PLRA does not apply here because they are not challenging “conditions of confinement.” They contend that their complaints center upon the “employment practices and policies” of LaSalle and Richwood that allegedly led to Williams’ death.
In response to the plaintiffs’ argument that the “home base” venue provision of La. C.C.P. art. 42 allowed venue in Lincoln to be proper, the defendants counter that this provision is inapplicable when the legislature has enacted a specific venue statute such as La. R.S. 15:1184(F). They argue that to hold otherwise would render the provisions of La. R.S. 15:1184(F) meaningless.
| -¡Privately operated prisons
At the outset, we must determine whether the PLRA applies to private companies managing prisons under the circumstances presented by this case. Pursuant to the statutory scheme enacted by the legislature, we find that it does.
Pursuant to the Louisiana Corrections Private Management Act, which was enacted in 1989, the Department of Public Safety and Corrections (“DPSC”) and local governmental subdivisions are authorized to enter into contracts with prison contractors to operate facilities. La. R.S. 39:1800.4. These contracts require the contractor to provide medical care for inmates. La. R.S. 39:1800.4(D)(4). A private correctional facility employee has the full authority to perform his duties and responsibilities under law in the same manner and to the same extent as would be authorized as if he were employed by the DPSC in a similar capacity. La. R.S. 15:743.
The PLRA broadly defines “prison” as “any state or local jail, prison, or other correctional facility that incarcerates or detains juveniles or adults accused of, convicted of, sentenced for, or adjudicated delinquent for violations of criminal law.” La. R.S. 15:1181(5).
We find no basis for holding that the PLRA excludes private companies managing prisons. To the contrary, we find that the PLRA’s definition of “prison” is sufficiently broad to include such privately operated facilities. Also, given the fact that the PLRA was enacted approximately eight years after the Louisiana Corrections Private Management Act, it is unlikely that the PLRA’s application to privately run prisons was not contemplated by the legislature. Furthermore, we find that employees of these private companies, like DPSC employees, may be considered | «“government officials,” and that the effects of their actions on the lives of persons confined in prison may be adjudicated in a PLRA “prisoner suit.” La. R.S. 15:1181(2).

Exclusive venue

In support of their position that the PLRA venue provision is inapplicable to their suit, the plaintiffs cite Poullard v. Pittman, 39,549 (La.App. 2 Cir. 4/13/05), 900 So.2d 310, writ denied, 2005-1507 (La. 1/13/06), 920 So.2d 237; Frederick v. Ieyoub, supra; and McAlister v. Oilfield Instrumentation U.S.A., Inc., 2009-1472 (La. App. 3 Cir. 5/5/10), 2010 WL 1780298. However, these cases are distinguishable because none of them pertain to “prison conditions” or “conditions of confinement or the effects of actions by government officials on the lives of persons confined in prison.”
In the Poullard case, an inmate incarcerated at the David Wade Correctional Center in Claiborne Parish alleged medical *1225 malpractice occurred when he was treated at LSU Medical Center~E.A. Conway Hospital in Ouachita Parish. After his suit against Conway and his doctor was filed in Ouachita Parish, the trial court granted the defendants’ exception of improper venue pursuant to La. R.S. 15:1184 and transferred the case to Claiborne Parish. On appeal, this court reversed and remanded the case to Ouachita Parish. It held that La. R.S. 15:1184 had to be read, not in isolation, but in context with the PLRA. The court concluded that the exclusive venue provision was intended “only to address those delictual actions concerning conditions of confinement or the effects of actions by governmental officials on the lives of persons confined in prison.” The court found that “[n]either the hospital nor the doctor are governmental officials whose actions affect the lives of persons confined in prison,” and that an |flordinary medical malpractice action for treatment received at the hospital was not “an action with respect to the conditions of confinement in prison.”
In the Frederick case, an inmate sued to challenge the constitutionality of a statute requiring parole supervision during good time release. Pursuant to the screening provisions of the PLRA, his petition was dismissed on the basis that it was frivolous and failed to state a cognizable claim. It was also deemed a “strike” under the “three strikes” provision of the PLRA, La. R.S. 15:1187. The appellate court reversed the portion of the judgment assessing a strike against the inmate. It concluded that the PLRA did not apply because the suit did not involve prison conditions or officials’ actions affecting the lives of those confined in prison.
In McAlister, supra, an inmate filed an in forma pauperis petition, alleging that he was not paid initially and then was underpaid by a private company for work performed while he was incarcerated in a correctional facility. The trial court dismissed the suit pursuant to La. R.S. 15:1186(0) of the PLRA. The appellate court reversed the dismissal because the PLRA did not apply to a lawsuit against a private company for wages.
In support of their contention that the exclusive venue provision applies in the instant case and that their subsequent exception of prescription should be granted, the defendants rely upon Allen v. State, Dep’t of Pub. Safety & Corr., 2012-430 (La.App. 3 Cir. 11/7/12), 107 So.3d 106, writ not cons., 2013-0107 (La. 3/1/13), 108 So.3d 784. We agree with their argument and find this case instructive. Several inmates at the Avoyelles Correction Center sued after the prison van in which they were passengers and which was driven by a DPSC employee was involved in an auto accident. On the last day before the prescriptive period expired, the inmates | infiled suit in East Baton Rouge Parish against the DPSC and its employee. The defendants were served approximately two weeks later. The trial court granted their subsequent exception of improper venue on the basis of La. R.S. 15:1184(F) and transferred the case to Avoyelles Parish, where the prison was located. Following the transfer, the defendants filed an exception of prescription, which was granted. The appellate court affirmed. It found that, since the inmates alleged that the defendants failed to provide them with proper medical care, their claims related to their “conditions of confinement” and the transfer of venue under the PLRA was appropriate. The appellate court further concluded that, pursuant to La. C.C. art. 3462, the filing of suit in an improper venue failed to interrupt prescription because the defendants were not served within the prescriptive period.
The plaintiffs attempt to distinguish the Allen case on the basis that it involved a *1226 DPSC employee, whereas the instant case is against private companies. However, as previously noted, we find no basis for making such a distinction.
The exclusive venue provision of La. R.S. 15:1184(F) for delictual actions for injury or damages is intended only to address those delictual actions concerning conditions of confinement or the effects of actions by governmental officials on the lives of persons confined in prison. Poullard, supra. Complaints of lack of medical care within their prison relate to a prisoner’s “conditions of confinement” under La. R.S. 15:1181(2), and must be brought, pursuant to La. R.S. 15:1184(F), in the parish of the prison to which the inmate was assigned when the cause of action arose. See Allen, supra; Zeitoun v. City of New Orleans, 2011-0479 (La.App. 4 Cir. 12/7/11), 81 So.3d 66, writ denied, 2012-0426 (La. 4/9/12), 85 So.3d 704.
| uSee also Kent v. State Through Dep’t of Pub. Safety & Corr., 2014-1010 (La.App. 1 Cir. 9/23/14), 2014 WL 12569755, writ denied, 2014-2221 (La. 1/9/15), 157 So.3d 1107, wherein the appellate court reversed the trial court’s denial of an exception of improper venue in a similar case. In so ruling, the court stated: “The plaintiffs survival and wrongful death claims constitute ‘civil actions with respect to prison conditions,’ under La. R.S. 15:1181(2) of the Prison Litigation Reform Act, and therefore, the exclusive venue provision under the Act, La. R.S. [15:1184(F) ],[4] governs.”
We reject the plaintiffs’ attempt to characterize them suit as concerning “employment practices and policies” of the private companies operating the prison. It is readily apparent that their suit clearly involves prison conditions, i.e., an alleged failure to provide an inmate with medical care.[5] Their suit seeks monetary damages based on both survival and wrongful death actions.[6] Consequently, their suit falls under the provisions 112of the PLRA, including the one establishing exclusive venue in the parish where the prison is located.
Based on the foregoing, we find that the trial court erred in reasoning that venue was proper in Lincoln Parish and that the filing of suit there interrupted prescription. Accordingly, we reverse the trial court judgment denying the defendants’ exception of prescription.
*1227 CONCLUSION
The writ is granted and made peremptory. We reverse the trial court judgment denying the defendants’ exception of prescription, grant the exception, and dismiss the plaintiffs’ suit.
Costs of this appeal are assessed to the plaintiffs.
WRIT GRANTED AND MADE PEREMPTORY. JUDGMENT REVERSED, EXCEPTION OF PRESCRIPTION GRANTED, AND SUIT DISMISSED.

. The suit was fax filed on Friday, January 23, 2015, but the clerk of court entered a filing date of January 26, 2015, the following Monday. The trial court granted the plaintiffs’ petition of mandamus and ordered the clerk of court to correct the filing date to show that the petition was timely filed on Januaty 23, 2015.

. The defendants also filed exceptions of no right or cause of action seeking dismissal of the claims of Williams' mother because his children's claims had priority to her exclusion. They further asserted an exception of vagueness and ambiguity to strike language in the petition making a non-exclusive allegation of fault against them. In their opposition to the exceptions, the plaintiffs conceded that Williams’ mother was not a proper party. The trial court in Lincoln Parish declined to hear the exceptions after finding venue there was improper. The record does not indicate that any ruling has been made on these exceptions in Ouachita Parish.

. During the hearing, the trial court took judicial notice of Richwood Correctional Center's location in Ouachita Parish.

. The original writ document correctly cites the exclusive venue provision as La. R.S. 15:1184(F); however, the Westlaw version of this case incorrectly cites it as "La. R.S, 15:1134(F).”

. Their own allegations demonstrated as much. In relevant part, their amended petition stated:
5.
Petitioners aver that defendant, RICH-WOOD CORRECTIONAL CENTER negligently failed to provide the deceased, DERRICK WILLIAMS with proper care and treatment for his complaints of chest discomfort, headaches, and pain,
6.
Petitioners avers [sic] that defendant, RICHWOOD CORRECTIONAL CENTER, LLC and their employees and agents are jointly and solidarity liable for the death of the deceased, DERRICK WILLIAMS in the following none exclusive [sic] manner:
a. failure to render aid in a timely manner
b. failure to refer him for proper care and treatment for his complaints of chest discomfort, headaches, and pain;
c. failure to provide timely and adequate medical care and treatment to Derrick Williams;
d. failure to take Derrick Williams to the doctor and/or hospital in a timely manner[,]

.The allegations of their petition and amended petition sound in both these tort actions. Also, the plaintiffs admitted that they were pursuing both survival and wrongful death actions in the portion of their opposition to the defendants' exceptions that addressed the exceptions of no cause or right of action.